**EMPIRE LIFE AND HOSPITAL INSURANCE COMPANY, a legal reserve company, Appellant,**

v.

**Elenora POOLE, Appellee.**

**No. 5024.**

Court of Civil Appeals of Texas, Waco.

July 15, 1971.

Rehearing Denied Aug. 5, 1971.

Rankin, Kern & Martinez, McAllen, for appellant.

Jones, Francis & Youts, Waco, for appellee.

OPINION

HALL, Justice.

Appellee brought this action against the appellant to recover benefits under the terms of a medical-hospitalization policy, issued by appellant to her, in which she is the insured.

Citation was served on appellant on December 10, 1970, at its home office in Austin, Texas. No answer having been filed, a default judgment was rendered against appellant on January 4, 1971, awarding appellee a recovery of $964.82.

Appellant filed an original answer on January 7th. Its original and amended motions for new trial were timely filed. After a hearing thereon, the amended motion was overruled by written order of the trial court. In its single point of error, appellant contends that the court erred in overruling the motion. We affirm.

The correct rule for determining whether motions for new trial which seek to set aside default judgments should be granted or not is set forth in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Without detailing the allegations contained in the amended motion for new trial, we hold that appellant sufficiently pleaded therein the elemental facts required by the rule in Craddock. Nevertheless, to be entitled to a new trial, it was incumbent upon appellant to make prima facie proof of those allegations by affidavit or other evidence. Ivy v. Carrell (Tex.Sup.1966) 407 S.W.2d 212, 214.

Although the allegations contained in the amended motion were duly sworn to be true by appellant's attorney, no affidavits are otherwise of record. The order overruling the motion recites that on the hearing thereof the court "received evidence." However, the record does not contain a statement of facts; and findings of fact were neither requested nor filed.

A party appealing from a trial court judgment has the burden of showing that the judgment is erroneous in order to obtain a reversal. Englander Co., Inc. v. Kennedy (Tex.Sup., 1968) 428 S.W.2d 806, 807. In the absence of a complete or an agreed statement of facts, we must presume that the evidence adduced on the hearing of the motion supports the judgment. Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82 (1955).

Affirmed.