**EXECUTIVE PRESS, INC., and Richard Hightower, Appellants,**

v.

**OAK CLIFF MIRROR AND GLASS CO., Inc., Appellee.**

**No. 5119.**

Court of Civil Appeals of Texas, Waco.

March 23, 1972.

McCrea & McCrea, Victor C. McCrea, Jr., Dallas, for appellants.

Chancellor & Wood, Edmund R. Wood, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Executive Press and Richard Hightower, from default judgment against them for $370. plus attorney's fees, in favor of Oak Cliff Mirror and Glass Co.

Appellee Oak Cliff sued appellants Executive Press and Hightower on sworn account for $370. plus attorney's fees. Appellants filed no answer, and the trial court rendered default judgment against appellants for $370. plus $125. attorney's fees. Appellants filed motion for new trial which was overruled by operation of law.

Appellants appeal on one point, asserting, "The trial court abused its discretion in refusing to set aside the the default judgment and grant a new trial herein."

The correct rule applicable to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to

answer before judgment was not intentional, or a result of conscious indifference on his part, but was due to mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Without detailing the allegations in appellants motion for new trial, we hold appellants plead the facts required by the above rule. Nevertheless, to be entitled to a new trial, it was incumbent upon appellants to make prima facie proof of those allegations by affidavit, or other evidence. Ivy v. Carrell, Tex., 407 S.W.2d 212.

Although the allegations in the motion for new trial were sworn to by appellants' attorney, no affidavits are otherwise of record.

The record reflects that a hearing was set on the motion for new trial, and counsel for appellants and appellee admitted on oral argument that at such time each stated to the trial court his side and version of the matters set forth in the motion for new trial. Nevertheless appellants have brought forward no statement of facts, and findings of fact were neither requested nor filed.

Appellants had the burden of showing that the judgment was erroneous, and in the absence of a statement of facts, we must presume that the evidence adduced at the hearing on the motion supports the order or judgment. Englander Co. Inc., v. Kennedy, Tex., 428 S.W.2d 806; Ehrhardt v. Ehrhardt, Tex.Civ.App., Err.Ref., 368 S.W.2d 37; Guthrie v. National Homes Corp., Tex., 394 S.W.2d 494; Empire Life and Hospital Ins. Co. v. Poole, Tex.Civ. App., (NWH) 469 S.W.2d 644.

Appellants' point is overruled.

Affirmed.