**Mary Elizabeth THORPE, Appellant,**

v.

**Stuart Edward THORPE, Appellee.**

No. 5323.

Court of Civil Appeals of Texas, Waco.

March 21, 1974.

Rehearing Denied April 25, 1974.

Henry Klepak and Donald J. Haid, Dallas, for appellant.

Stroud & Smith, L. Vance Stanton and William A. Hoy, III, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Mary Elizabeth Thorpe from take nothing judgment in her suit in the nature of a Bill of Review, against appellee Stuart Edward Thorpe.

Appellant and appellee were divorced on August 31, 1972, judgment in such case awarding appellant certain property and custody of the parties' two minor children.

Thereafter appellee filed suit in the nature of a Bill of Review to set aside the judgment. A default judgment was rendered on March 23, 1973 readjudicating the parties' property rights and awarding custody of the parties' two minor children to appellee. Neither appellant nor her counsel were present, but within ten days appellant filed a motion to set aside Default Judgment. No affidavits were submitted and no testimony was presented at the hearing, on such motion to set aside default judgment. The trial court overruled such motion, and appellant perfected appeal to the Court of Civil Appeals. In the Court of Civil Appeals appellant failed to file brief, and appellee and appellant both moved for dismissal of such appeal. The Court of Civil Appeals dismissed appellant's appeal, and appellant did not apply for a Writ of Error.

Subsequent to denial of appellant's motion to set aside the default judgment, but prior to dismissal of her appeal by the Court of Civil Appeals, appellant filed this case in the nature of a Bill of Review to set aside the default judgment entered against her in appellee's Bill of Review suit on March 23, 1973.

Trial was before the Court, which after hearing rendered judgment denying appellant's Bill of Review and decreeing that she take nothing.

Appellant appeals asserting[1] she is entitled to a new trial; that she has a meritorious defense to appellee's Bill of Review suit; that she was prevented from presenting such defense by fraud, mistake or wrongful conduct on appellee's or appellee's counsel's part; and that she was not negligent in presenting her defense at trial.

Appellee by reply point asserts the judgment of trial court correct because appellant could not maintain her Bill of Review because she negligently failed to avail herself of her adequate, legal remedies.

As noted appellant learned of the default judgment against her and within ten days filed motion to set aside such default judgment (which we treat as a motion for new trial). No evidence whatever was submitted and the trial court overruled such motion. Appellant appealed but moved to dismiss her appeal.

■■■ A Bill of Review is an equitable remedy designed to prevent manifest injustice. But before a litigant can successfully set aside a final judgment by Bill of Review he must allege and prove, within the time allowed, 1) a meritorious defense to the cause of action alleged to support the judgment, 2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, 3) unmixed with any fault or negligence on his own part.

■■■ Here appellant did not make proof of the allegations in her motion for new trial (which were insufficient under the rules laid down in Ivy v. Carrell, S.Ct., 407 S.W.2d 212), and permitted the judgment to become final by failure to prosecute her appeal.

In such situation appellant is chargeable as a matter of law with "fault and negligence on her own part". French v. Brown, Tex.Sup., 424 S.W.2d 893; Executive Press, Inc., v. Oak Cliff Mirror and

1. Appellant's brief contains no points as required by Rule 418, Texas Rules of Civil Procedure; Rossi v. Johnson, Tex.Civ.App., NWH, 355 S.W.2d 582; Ward v. Scarbor- ough, Tex.Com.App., 236 S.W. 441, 444; Edwards v. Strong, 147 Tex. 155, 213 S.W. 2d 979. We have nevertheless listed the assertions advanced in appellant's brief.

Glass Co., Tex.Civ.App., NWH, 478 S.W. 2d 642; Smith v. Smith, Tex.Civ.App., NWH, 468 S.W.2d 139.

Appellant's assertions are overruled, and appellee's reply point is sustained. The judgment is correct.

Affirmed.