**Eugene W. DORSEY, Appellant,**

v.

**Pedro AGUIRRE, Jr., and Robert L. Dabney, Appellees.**

**No. 5720.**

Court of Civil Appeals of Texas, Waco.

May 26, 1977.

Rehearing Denied June 23, 1977.

Mark L. Delk, Dallas, for appellant.

Harry J. Saginaw, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Dorsey from default judgment against him for $26,573.17; plus $3,613.20 interest; plus $4,000. attorneys' fees; plus 9% interest from September 14, 1976.

Plaintiffs Aguirre and Dabney, architects, sued Dr. Dorsey and a Dr. Thompson on a contract for architectural services designing facilities for medical offices and a hospital; alleged defendants owed a fee of $26,578.17 ($63,675. less $40,924. already paid) plus $8,000. attorneys' fees. Dr. Dorsey filed no answer, and the trial court rendered interlocutory default judgment against him on July 16, 1976. Dr. Dorsey timely filed sworn motion to set aside default judgment in which he sought a new trial. Such motion detailed that Dr. Dorsey did not remember ever being served; that if he were served he had been pressed by the demands of his practice, · performed needed surgery on various patients, made emergency calls at the hospital, and filled in for various other doctors and worked until late at night, and had taken over part of the practice of a late associate whose death was sudden and unexpected. * * * That he was unaware that any process had been served upon him * * * until he received copy of the default judgment. He further asserted no lack of diligence or negligence on his part; that his failure to file an answer was an unintentional mistake and not an indifference on his part; that he obtained counsel and timely filed this motion; that he has a meritorious defense to the suit: 1) that he was merely acting as agent of the West Dallas Community Clinic, Inc., a nonprofit corporation; 2) that the contract sued on was conditional upon a loan being obtained, which was not obtained; 3) that plaintiffs agreed to accept $43,-000. as full settlement and that approximately $43,000. had been paid them; defendant further pointed out no delay would be caused in trial; that he would be ready whenever the case against Dr. Thompson

was set; and offered to pay the expenses and court costs attendant to rendering the default judgment and setting it aside. Dr. Dorsey additionally filed an affidavit in support of his motion setting out most of the facts in the motion.

On August 20, 1976 plaintiffs nonsuited as to Dr. Thompson. On September 9, 1976 the court heard the motion to set aside default judgment. There was evidence that Dr. Dorsey was served at 1:10 P.M. on June 18, 1976. Dr. Dorsey testified he had no memory of being served but at that time he was late for a 1:00 P.M. operation, and was thinking of the procedures for the operation and of possible complications. It was stipulated by counsel that Dr. Dorsey had alleged a meritorious defense.

The trial court [overruled the motion to set aside and] rendered judgment making final the interlocutory default judgment against Dr. Dorsey.

Defendant appeals on 8 points contending: 1) the trial court erred in rendering the [final] default judgment; 2) the trial court erred in awarding attorneys' fees.

The correct rule applicable to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or a result of conscious indifference on his part, but was due to mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Such case further holds the excuse "may be very slight" and "some excuse but not necessarily a good excuse" is the test, if the failure to file was unintentional, a meritorious defense exists, and no delay or injury is caused plaintiff. See: *Ivy v. Carrell*, Tex., 407 S.W.2d 212; *Executive Press, Inc. v.*

*Oak Cliff Mirror and Glass Co., Inc.,* Tex. Civ.App., (Waco) NWH, 478 S.W.2d 642.

█ Tested by the rule of Craddock, the record shows clearly that the failure of defendant to file an answer was not intentional or the result of conscious indifference, but was due to accident or mistake; that a meritorious defense exists; and that no delay or injury is caused to plaintiffs.

█ Reference the attorneys' fees, the contract sued on does not provide for attorneys' fees and there was no testimony establishing the reasonableness of the attorneys' fees. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.,* Tex.Civ.App., (Houston 1) NWH, 460 S.W.2d 168.

The trial court erred in rendering the final default judgment and erred in awarding attorneys' fees.

The default judgment is reversed and the cause remanded for trial on its merits.

REVERSED AND REMANDED.