Edward S. HUDDLESTON, Appellant,

v.

Jackson H. SPEEGLE and Robert D. Stringfellow d/b/a Willow Creek Stables, Appellees.

No. 5716.

Court of Civil Appeals of Texas, Waco.

Oct. 20, 1977.

Rehearing Denied Nov. 10, 1977.

James G. Murry, San Antonio, for appellant.

G. Ward Beaudry, Lane, Savage, Counts & Winn, Dallas, for appellees.

## OPINION

JAMES, Judge.

This is an appeal from a default judgment. We reverse and remand.

Plaintiff-Appellees Jackson H. Speegle and Robert D. Stringfellow d/b/a Willow Creek Stables, brought this suit against Defendant-Appellant Edward S. Huddleston to collect a sworn account and enforce a statutory liveryman's lien upon two horses allegedly owned by Defendant Huddleston.

At the time of trial, the Plaintiffs and their counsel appeared and announced ready; however, neither the Defendant nor his counsel appeared; whereupon, the trial court proceeded to trial, heard evidence, and entered judgment in favor of Plaintiffs against Defendant in the amount of $5793.00 with 9% interest from date of judgment, plus $1500.00 attorney's fees for services in the trial court and an additional $1000.00 for services rendered on appeal, together with foreclosure of statutory liveryman's lien upon two certain registered horses.

Appellant Huddleston comes to this court asserting error on the part of the trial court (1) in proceeding to trial in the absence of Appellant and his counsel because Appellant had not been notified of any trial setting; and (2) in holding that Appellant's Motion to Set Aside Judgment and for New Trial was not timely filed, and in refusing to allow the filing of Appellant's Amended Motion to Set Aside the Judgment and for New Trial. We sustain these contentions, and thereby reverse and remand the cause to the trial court for retrial.

This suit was filed by Plaintiff-Appellees in a District Court of Dallas County against Defendant-Appellant Huddleston, a resident of Bexar County. Upon being served with citation, Defendant employed Hon. Roy H. Garwood, Jr., a practicing attorney of the law firm of Gilliland, McNeel, and Garwood, in San Antonio, Texas, to represent him. Lawyer Garwood filed on January 26, 1976, a plea of privilege and an original answer (subject to the plea of privilege) in behalf of Defendant. Plaintiffs then on January 30, 1976, filed a controverting plea to the plea of privilege, and sent a copy to Mr. Garwood. On February 4, 1976, Mr. Garwood died. Then about the middle of March, 1976, Hon. James G. Murry, a practicing attorney in San Antonio, Texas, was contacted by the law firm in which Mr. Garwood was a partner, to employ him (Mr. Murry) to handle the case for Defendant-Appellant Huddleston. Mr. Murry was not a member of the Gilliland, McNeel, and Garwood law firm, but had his office in the Petroleum Center which was in the same area in which Mr. Garwood's law firm was located.

Mr. Murry accepted employment to represent Defendant Huddleston, and was immediately in touch with Hon. G. Ward Beaudry, attorney for Plaintiff-Appellees, by long distance telephone, with reference to such representation and other matters. Mr. Murry and Mr. Beaudry discussed and disposed of such matters as the pending plea of privilege, written interrogatories, and other pending items of mutual interest in the case. Mr. Murry agreed to waive his client's plea of privilege, and arranged for his client to answer certain written interrogatories and admissions which Mr. Beaudry had propounded and served upon the Defendant.

Then, on April 2, 1976, Mr. Beaudry contacted the trial court and obtained a trial setting on the merits for Thursday, May 20, 1976. Immediately thereafter, on April 7, 1976, Mr. Beaudry wrote a letter addressed to "Mr. Roy H. Garwood, Jr., Gilliland, McNeel and Garwood, Petroleum Center, San Antonio, Texas 78209, Attention Mr. Murry," which letter advised that the case was set for trial at 9 AM on May 20, 1976, in the 44th District Court of Dallas County. Mr. Beaudry testified that he caused this letter to be mailed by regular mail. Whether the Gilliland, McNeel, and Garwood law firm ever received this letter we do not know; however, Mr. Murry never received this letter and had no knowledge the case was set for trial. On April 19, 1976, Mr. Beaudry wrote another letter to Mr. Murry which was addressed directly to Mr. Murry at his own law office at "D–305 Petroleum Center" in San Antonio, in which the admissions and interrogatories were discussed, but in which no mention of the case setting was made. Mr. Murry received this letter. Then on April 21, 1976, Mr. Beaudry wrote another letter addressed directly to Mr. Murry's law office which likewise did not mention the trial setting. Mr. Murry received this letter.

Then on the day before the case went to trial, towit, on May 19, 1976, Mr. Beaudry called Mr. Murry's office to see if he was going to be present for trial the next day, whereupon he talked to an answering service.

Mr. Murry is a lone practitioner whose office force consists of himself and one secretary, a Mrs. Gunnoe. On May 19, 1976 (the day Mr. Beaudry called and got the answering service) Mr. Murry was out of his office because he had to be in Seguin, Texas, for a court appearance. On that same morning, and after Mr. Murry had left town, his secretary became ill with a high fever and had to be taken to a hospital, and was not able to return to work until June 1, 1976. Mr. Murry's wife usually stayed in his office and answered the telephone when no one else was there; however, at this time she was physically unable to be at the office. Therefore, there was no

one at Mr. Murry's office to answer the phone on May 19, 1976, when Mr. Beaudry tried to call. The answering service never did inform Mr. Murry of Mr. Beaudry's attempt to call.

On May 20, 1976, the trial court called the case for trial, whereupon Mr. Beaudry announced ready for the Plaintiffs. Mr. Murry had no knowledge of the case setting and did not appear. The case proceeded to trial, and on May 24, 1976, the trial court signed and entered judgment in favor of Plaintiffs against Defendant Huddleston for $5793.00 plus $1500.00 attorney's fees for the trial court plus $1000.00 attorney's fees in event of appeal, and foreclosure of a statutory liveryman's lien on two registered horses.

The first day Mr. Murry and his secretary were both back in Mr. Murry's office was Tuesday, June 1, 1976. It was on the morning of this last-named date that Mr. Murry received a copy of the default judgment in the mail from the Clerk of the 44th District Court of Dallas County. This was the first knowledge Mr. Murry had that the case had been set and tried.

Immediately upon receipt of this copy of judgment, Mr. Murry prepared his original motion to set aside the default judgment and for a new trial and on June 2, 1976, he mailed it certified mail, return receipt requested, to the Clerk of the trial court. This original motion was filed by the Clerk on June 4, 1976. Then on June 17, 1976, the trial court heard evidence on the original motion to set aside the default judgment and for a new trial in which both Mr. Beaudry and Mr. Murry appeared, after which the trial court took the matter under advisement.

The next day after the hearing, towit, on June 18, 1976, Mr. Murry prepared his amended motion to set aside default judgment and for a new trial, and mailed same certified mail, return receipt requested to the Clerk. This amended motion was received and stamped "Filed" by the Clerk on June 23, 1976; however, the trial court personally marked out the file mark with an "X," marked same "Not authorized" and

put his initials thereupon. That is to say, the trial court refused to allow the Defendant's amended motion for new trial to be filed.

Mr. Murry was not notified of this action either by the trial court or the Clerk thereof, and since time was continuing to pass, Mr. Murry then on July 27, 1976 filed another motion reviewing the situation and requesting that the trial court file his amended motion to set aside default judgment and for a new trial nunc pro tunc as of June 23, 1976.

Thereafter, on August 11, 1976, the trial court signed and entered an "Order Overruling Motion to Set Aside Judgment" in which he recited in effect that Defendant's original motion for new trial was filed eleven days after the date of judgment and was therefore filed too late. In this connection the trial court made the following recitations:

"The Court failed to determine that Defendant's motion was filed more than ten days from entry of judgment. Neither party called this to the attention of the Court and no allegation or proof was offered or made to establish that said motion was filed within time, if such be a fact.

"The Court is of the opinion its judgment of May 24, 1976, became final thirty days thereafter and this court is without jurisdiction to either sustain or overrule the 'Motion of Defendant to Set Aside Judgment and For a New Trial.'

"Defendant's said motion not having been filed within time, his attempted amended motion is not eligible for filing.

"However, for the record, it is ordered that the 'Motion of Defendant to Set Aside Judgment and For a New Trial' is hereby overruled."

It is from this order of August 11, 1976, that Defendant appeals.

We revert to Appellant's first point, to-wit: that the trial court erred in proceeding to trial in the absence of Defendant-Appellant and his counsel because Defendant-Appellant had not been notified of any trial setting. We sustain this contention.

In the case at bar, Plaintiff's counsel wrote a letter on April 7, 1976, addressed to the Defendant's lawyer whom he knew to be deceased, to the address of the law firm of the deceased lawyer, to the attention of Mr. Murry who did not office at the address to which the letter was sent. This letter was sent by regular mail. The Defendant's lawyer, Mr. Murry, never received the letter nor knew of the setting until June 1, 1977, eight days after the default judgment had been entered. Nor did he receive any information from his answering service of Plaintiffs' counsel's attempt to telephone him on May 19, 1976, the day before the trial.

■ In our opinion, this case is controlled by *Ivy v. Carrell* (Tex.1966) 407 S.W.2d 212, wherein the rule concerning the setting aside of default judgments has been enunciated by our Supreme Court in the following language:

"The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

'A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.' "

Also see *Dorsey v. Aguirre* (Waco CA 1977) 552 S.W.2d 576, NRE.

■ In the case at bar, the Defendant's failure to answer was not intentional, nor was it the result of conscious indifference on his part. He simply never got the word, and knew nothing about the trial setting. Without going into detail, Defendant set up a meritorious defense in accordance with

the requirements of *Craddock* and *Ivy*, and there is nothing in the record to show that a new trial will work an injury to Plaintiffs. Plaintiffs assert the Defendant had the burden to show no injury to Plaintiffs; however, these are matters peculiarly within Plaintiffs' knowledge, and the record does not reflect that Plaintiffs will suffer any injury by a new trial being granted. Appellant's first point is sustained.

Appellant's second point asserts the trial court erred in holding that Appellant's original motion to set aside judgment and for new trial was not timely filed, and in refusing to allow the filing of Appellant's amended motion for new trial. We sustain this contention.

The default judgment was entered May 24, 1976; the Defendant-Appellant first learned of the default judgment on June 1, 1976; Defendant-Appellant mailed by certified mail the original motion for new trial to the Clerk of the trial court on June 2, 1976; said original motion was filed June 4, 1976. The original motion for new trial was timely filed under Rule 245 wherein it provides that "the provisions of Rule 329b governing motions for new trial and finality of judgments shall operate from the time of receipt of notice of rendition of the judgment; provided the original motion for new trial shall in any event be filed within 90 days from the rendition of judgment."

 Here, the Defendant filed the original motion three (3) days after he received notice of rendition of the judgment; therefore, said original motion was timely filed. Moreover, the original motion for new trial was timely under Rule 5 because it was mailed by Defendant on June 2, 1976, which was only nine (9) days after judgment, and was received by the Clerk two days thereafter.

Since Defendant's original motion for new trial was timely filed, the trial court erred in prohibiting the filing of Defendant's amended motion for new trial on June 23, 1976, since this attempted filing was only nineteen (19) days after the file date of Defendant's original motion for new

trial. See Rule 329b. The original motion having been filed on time, timely filing of the amended motion by Defendant was a matter of right, and the trial court abused its discretion in denying Defendant the right to file such amended motion for new trial, in view of the fact that the trial court had not (as of the time of the attempted filing of the amended motion) acted upon the original motion for new trial. See Rule 329b; *Consolidated Furniture Co. v. Kelly* (Tex.1963) 366 S.W.2d 922. Appellant's second point is sustained.

For the reasons hereinabove stated, we reverse the trial court's judgment and order of August 11, 1976, wherein the trial court denied Defendant-Appellant the right to file the amended motion for new trial, and remand the cause for trial on the merits.

REVERSED AND REMANDED.