GUARANTY BANK OF DALLAS, Texas, Appellant,

v.

Everett H. O'DOWD, Appellee.

No. 6210.

Court of Civil Appeals of Texas, Waco.

Feb. 28, 1980.

Rehearing Denied March 20, 1980.

Jay J. Madrid, Donald F. Hawbaker, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Everett H. O'Dowd, Waco, for appellee.

HALL, Justice.

Appellee Everett H. O'Dowd filed this suit in McLennan County against D. R. Mansell and against appellant Guaranty Bank of Dallas, Texas, to recover the balance due on a promissory note executed by Mansell and to foreclose a security interest in certain bank stock allegedly securing payment of the note. Appellant Bank filed its plea of privilege to have appellee's action against it transferred to Dallas County, the county of appellant's residence. The plea of privilege was overruled on January 14, 1980. Appellant brought this appeal. The transcript was delivered to the clerk of this court for filing on February 7, 1980, accompanied with a motion for extension of time for filing the transcript.

■ In its pertinent parts Rule 385, Vernon's Tex.Rules Civ.Proc. contains these provisions:

Appeals from interlocutory orders (when allowed by law) may be taken by . . . (b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof.

The time limits imposed by this rule are mandatory and jurisdictional. *State v. Gibson's Distributing Company,* (Tex.1968) 436 S.W.2d 122, 123; *Walker v. Cleere,* 141 Tex. 550, 174 S.W.2d 956, 958 (1943).

The last day for filing the transcript in the case before us was February 4, 1980. Appellant's tender on February 7th was therefore late.

The circumstances recited in appellant's motion as justification for the late filing of the transcript are that on January 23, 1980, appellant's attorney requested the clerk of the trial court to prepare the transcript for filing, and instructed the clerk to file the transcript in this court upon its preparation; that on February 4th, the last day for filing, the clerk informed appellant's attorney that the transcript had been prepared as of that date and would be filed with us; that instead of filing the transcript in this court, the trial court clerk mailed the transcript to appellant's counsel; and that the transcript was received by appellant's attorney on February 6th.

■ The motion was timely filed on February 7th, but it does not state "good cause" for the late filing. The trial court clerk has no official duty to file the record in this court. If he agreed with appellant's attorney to do so and negligently failed to do so, he was acting as agent of the attorney and the negligence became appellant's negligence. Those circumstances do not support a showing of good cause for extension of time for filing the transcript. *Massey v. Brindley*, 296 S.W.2d 296, 298 (Tex. Civ.App.—Austin 1956, writ ref'd).

■ The provisions of Rule 21c permitting extensions of time based upon a "reasonable explanation" for the tardy filing do not apply in appeals from interlocutory orders. The special provisions of Rule 385 apply, and good cause must be shown. *Guaranty Bank of Dallas, Texas v. Don Thompson*, 595 S.W.2d 633 (Tex.Civ.App.— Waco 1980, no writ); *Transamerica Ins. Co. v. Price Const.*, 577 S.W.2d 578, 579 (Tex. Civ.App.—Eastland 1979, no writ); *Trial v. McCoy*, 535 S.W.2d 681, 682 (Tex.Civ.App.— El Paso 1976, no writ). See also *State Ex Rel. Watkins v. Morgan*, 555 S.W.2d 217, 218 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.).

Appellant's motion for extension of time to file the transcript is denied, and this appeal is dismissed for want of jurisdiction.