**GUARANTY BANK, Appellant,**

v.

**Don THOMPSON, Appellee.**

No. 6298.

Court of Civil Appeals of Texas, Waco.

June 4, 1981.

First Rehearing Denied July 2, 1981.

Second Rehearing Denied July 30, 1981.

Jay J. Madrid, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Everett H. O'Dowd, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellee Thompson as plaintiff filed this suit against Guaranty Bank and D. R. Mansell as defendants to recover the balance due on a promissory note executed by Mansell and to foreclose a security interest in certain bank stock allegedly securing payment of the note. By amended pleading John W. Bowden was joined as defendant. Appellant Guaranty Bank filed its plea of privilege to have appellee's action against it transferred to Dallas County, but filed no answer to the merits in the case. The trial court overruled appellant's plea of privilege; this court dismissed appellant's appeal for want of jurisdiction; and our Supreme Court dismissed appellant's application for writ of error.[1]

On April 8, 1980, 76 days after the plea of privilege was overruled, no answer to the merits being filed, the trial court heard the case and rendered an interlocutory default judgment for appellee for $33,289.32.

On April 15, 1980, appellant filed its motion "to set aside [such] default judgment and for new trial". After hearing, the trial court overruled such motion. Appellant then filed motion to sever out the claim of appellee against appellant; the trial court granted such motion, severed appellee's suit against appellants from the remainder of the case, and decreed appellee's interlocutory judgment against appellant final.

Appellant appeals on 8 points presenting 4 main contentions.

Contentions 1 and 2 assert the trial court erred in entering default judgment against appellant because the plea of privilege filed by appellant and the hearing thereon constituted a general appearance for all purposes and prevented every of such default judgment; and Contention 3 asserts the trial court erred in entering default judgment against appellant because it received no notice of the trial on the merits.

The judgment rendered by the trial court was as nil dicit[2] judgment. The filing of the plea of privilege by appellant was an appearance in the case for all purposes. *O'Quinn v. Tate*, Civ.App. Er.Ref., 187 S.W.2d 241; *Davis v. Battles*, 143 Tex. 378, 186 S.W.2d 60. In such situation the trial court is authorized to proceed and render judgment after the overruling of the plea of privilege without further notice to appellant. The posture of appellant in filing the plea of privilege but filing no answer to the merits, after the overruling of the plea of privilege, is to be in court, but saying nothing in bar or preclusion of the plaintiff's action; and in such situation a judgment nil dicit may be taken by the plaintiff. The effect of defendants so appearing and saying nothing in bar or preclusion of plaintiff's action is to impliedly confess judgment and waive all errors of *pleading or proof*, except such as appear from facts in the record were not intended to be waived.

The judgment of the trial court is a nil dicit judgment, and all errors of pleading being waived the court will not examine the petition for the purpose of determining the legal sufficiency of its averments to state a cause of action. If the petition shows an attempt to state a cause of action coming within the court's jurisdiction, the requirements of the law are fulfilled, and the scope of defendant's implied confession will be measured by the cause of action, thus attempted to be stated. *Spivey v. Saner-Ragley Lbr. Co.*, Tex.Com.App. Opinion adopted, 284 S.W. 210; *O'Quinn v. Tate*, supra, states the rule thusly:

"* * * defendant having filed no pleadings other than the plea of privilege, judgment was rendered against him, which was a nihil dicit as distinguished from a default judgment. A judgment of this type * * * imports a waiver of all objections to the service and return of process, and of mere irregularities of

---

1. *Guaranty Bank of Dallas v. Thompson*, Civ. App. (Waco) Er.Dismd., 595 S.W.2d 633.

2. Sometimes spelled Nihil Dicit.

form in stating the cause of action and incidental facts. It carries an admission of the cause of action substantially stated in the petition. Submission to such a judgment is an abandonment of every known defense or any defense which ordinary diligence could have disclosed. In other words, a party who permits a judgment nil dicit impliedly confesses judgment and waives all errors in pleading or proof, not fundamental or jurisdictional in character, except those which the record shows were not intended to be waived".

To the same effect is *Thornhill v. Elskes*, Civ.App. (Waco) NRE, 381, S.W.2d 99; *Gonzalez v. Regalado*, Civ.App. (Waco) NRE, 542, S.W.2d 689.

Contentions 1, 2 and 3 are overruled.

Appellant's 4th contention asserts the trial court erred and abused its discretion in overruling its motion to set aside default judgment and for new trial.

■ A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or a result of conscious indifference on his part, but was due to mistake or accident, *provided the motion for new trial sets up a meritorious defense* and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124; *Ivy v. Carrell*, Tex., 407 S.W.2d 212; *Executive Press, Inc. v. Oak Cliff Mirror and Glass Co.*, Civ.App. (Waco) NWH, 478 S.W.2d 642; *Dorsey v. Aguirre*, Civ.App. (Waco) NRE, 552 S.W.2d 576.

Appellant's motion alleged "There exists a valid and meritorious defense to plaintiff's action in that a perfect tender of monies due Plaintiff growing out of his sale of stock to Defendant D. R. Mansell was made to Plaintiff. Plaintiff rejected same and returned the cashier's check which had previously been tendered to Plaintiff. Under the applicable provisions of the Texas Business and Commerce Code, Guaranty Bank, by having

made such tender is discharged from any liability to Plaintiff growing out of the asserted cause of action".

Section 3.604(a) of the Texas Business and Commercial Code provides "Any party making tender of full payment to a holder when or after it is due is discharged *to the extent of all subsequent liability for interest, costs and attorney's fees.*

■ A bona fide, legally sufficient tender of money by a debtor, even though refused by the creditor, *does not operate to discharge or extinguish the principal debt or obligation.* 55 Tex.Jur.2d p. 227; *Hoskins v. Dougherty*, (Er.Ref.) 29 Tex.App. 318, 69 S.W. 103. A valid tender of payment of an obligation stops, from the time is it made, the running of interest, and if made prior to time the obligation is placed in the hands of an attorney relieves the maker of liability for attorney's fees. *Kansas City Life Ins. Co. v. Duvall*, Civ.App. (Waco) NWH, 129 S.W.2d 770; 55 Tex. Jur.2d p. 228.

Some nine months prior to suit appellant tendered appellee a cashier's check for $33,289.32, which was the amount of appellant's later judgment, and which the proof showed was the amount owed appellee exclusive of interest and attorney's fees.

■ Thus appellant's motion did not set up a meritorious defense to appellee's cause of action.

Contention 4 is overruled.

All appellant's points and contentions have been considered and are overruled.

AFFIRMED.

OPINION ON REHEARING

Appellant asserts in point 7 of its motion for rehearing that this Court erred in overruling Guaranty Bank's point of error 4 "because the court misconstrued the defense of tender set up by Guaranty Bank under Section 3.604 Texas Business and Commerce Code".

In paragraph 3 of its motion for new trial quoted in full on page 4 of our original

opinion Guaranty Bank said: "Under the applicable provisions of the Texas Business and Commerce Code, *Guaranty Bank, by having made such tender* is discharged from any liability to plaintiff growing out of the asserted cause of action".

We correctly construed the above and correctly applied Section 3.604(a) to such motion.

In its Motion for Rehearing Guaranty Bank *for the first time asserts that Mansell made the tender to plaintiff and that Bank is discharged under Section 3.604(b).*

■ An assignment of error raised for the first time in appellant's motion for rehearing in the Court of Civil Appeals is too late to be considered. *Wright v. Gernandt,* Civ.App. (Corpus Christi) NWH, 559 S.W.2d 864; *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979; *Newman v. King,* Tex., 433 S.W.2d 420; *Lone Star Gas Co. v. Sheaner,* 157 Tex. 508, 305 S.W.2d 150.

Appellant's Motion for Rehearing is overruled.

**GUARANTY BANK, Appellant,**