**Jack CLIFF, Appellant,**

v.

**William M. HUGGINS, Appellee.**

**No. 04–83–00557–CV.**

Court of Appeals of Texas,
San Antonio.

July 3, 1985.

Rehearing Denied Aug. 27, 1985.

Allan L. Graber, Henry A. Popkin, Houston, for appellant.

Eugene Stewart, Carrizo Springs, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a default judgment and an order denying a motion for new trial. A default judgment in the sum of $149,333.00 was entered against appellant when appellant failed to appear at trial. Appellant and his attorneys allege they did not receive notice of the trial setting. Appellant timely filed a motion for new trial when he learned that the judgment had been entered. The trial court denied the motion. From such default judgment and order denying the motion for new trial, appellant has prosecuted this appeal and presents a single point of error.

In his sole point of error, the appellant alleges the trial court abused its discretion in denying his motion for new trial. The case was originally filed on November 2, 1977. Continuances were granted on two occasions and a motion to retain was filed on February 19, 1982. A court reporter claims to have given notice to all parties by regular United States mail on May 10, 1983, for trial on July 6, 1983. Appellant and his attorney alleged they did not receive the notice of the trial setting. On July 14, 1983, the trial court, without further notice to appellant, entered a default judgment in the sum of $149,333.00 against him. Appellant received notice of the default judgment on September 5, 1983, and timely filed his motion for new trial pursuant to TEX.R.CIV.P. 245 and 329b on September 29, 1983. The motion for new trial was heard on November 14, 1983, and was denied.

■ In support of his contention, the appellant argues that the trial court failed to follow the correct rule applicable to appellant's motion for new trial which sought to set aside a default judgment for his failure to appear. The correct rule was stated by the supreme court in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). In that opinion, the court stated:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 393, 133 S.W.2d at 126; *accord Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966).

At the hearing on the motion for new trial, the appellant argued that his failure to appear was not due to his own fault or negligence, was not intentional and was not the result of conscious indifference on his part. Simply put, the appellant alleged he never received notice of the trial setting.

Appellant's attorney of record testified that the firm with which he was employed was in the process of moving their offices at the time the court reporter allegedly sent the notice of the trial setting. In addition, the notice was purportedly sent to the attorney without reference to the firm's name. Appellant's attorney also testified that he had no verbal notice of the trial setting. The court reporter testified that no notice other than the written notice of May 10, 1983, was given to the appellant. In its order denying appellant's motion for new trial, the trial court held that the appellant had notice of the trial setting.

■ The issue before this court is whether the appellant's failure to be present or represented upon trial was intentional or the result of conscious indifference. Appellant argues that the facts of this case are strikingly similar to the issues raised in *Huddleston v. Speegle*, 557 S.W.2d 178 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.). In *Huddleston*, plaintiff alleged that he had sent defendant's attorney written notice of the trial setting by regular United States mail. In his motion for new trial, the defendant's attorney claimed that he had never received such notice. The trial court overruled the defendant's motion for new trial. In reversing the decision of the trial court, the court of appeals noted that even though there was evidence that notice of the trial setting had been mailed, such purported notice was outweighed by the test of whether defendant's failure to answer was not intentional or the result of conscious indifference. The court stated: "[i]n the case at bar, the Defendant's failure to answer was not intentional, nor was it the result of conscious indifference on his part. He simply never got word, and knew nothing about the trial setting." *Id.* at 181.

We hold the appellant has not satisfied the requirements of *Craddock*. The record reflects that pursuant to Rule 21a the court reporter of the 293rd Judicial District Court on May 10, 1983, mailed to appellant's attorney of record notice that the cause under consideration was set for trial July 6, 1983. The reporter testified that he sent the notice by regular United States mail to the appellant's attorney. Appellant took the position that notice was never received. The deposition of the appellant's former attorney is in the record and reflects that over the weekend of May 10, 1983, the law firm by which he was employed moved their offices to another building in Houston, Texas. The record further reflects the former attorney testified that he did not remember receiving the notice but could not testify that he didn't receive the notice because he could not prove a negative. Appellant also took the position that the notice sent to his former attorney was not addressed to the law firm for which he worked, but addressed to the attorney individually. While the facts may seem to be similar to those in *Huddleston*, unlike this case there was evidence in *Huddleston* that the notice was addressed to the attorney at a law firm different from the one he worked for. We hold *Huddleston* does not apply.

■ Rule 21a states: "Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." Thus, there is a presumption that notice of the trial setting was complete when it was mailed by the reporter. *See Fears v. Mechanical and Industrial Technicians, Inc.*, 654 S.W.2d 524, 528 (Tex.Civ.App.—Tyler 1983, no writ). Notice is a question of fact which is foreclosed by the judgment of the trier of facts. *O'Ferral v. Coolidge*, 149 Tex. 61, 65, 228 S.W.2d 146, 148 (1950). Once a defendant has been cited and filed an answer, he is chargeable, as a matter of law, with notice of all steps taken in the cause down to and including judgment although he may not in fact appear and have no actual notice thereof. *See Mackay v. Charles W. Sexton Co.*, 469 S.W.2d 441, 444 (Tex.Civ.App.—Dallas 1971, no writ), and cases cited therein.

We hold that the trial court's implied finding that appellant did not rebut the

presumption of receipt of notice of the trial setting and overruling his motion for new trial was not an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.