

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00363-CV

Deanira **MORALES**,
Appellant

v.

**COTULLA INDEPENDENT SCHOOL DISTRICT**,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-10-00159-CVL
Honorable Donna S. Rayes,[1] Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: May 21, 2014

REVERSED AND REMANDED

Deanira Morales appeals from the trial court's judgment dismissing her whistleblower-retaliation lawsuit against her former employer, the Cotulla Independent School District. She contends the trial court abused its discretion by dismissing her case for want of prosecution and by denying her motion to reinstate. Because we hold that the trial court abused its discretion by

---

[1] The Honorable Donna S. Rayes, presiding judge of the 81st Judicial District Court, signed the judgment dismissing this case for want of prosecution. The Honorable Stella Saxon, presiding judge of the 218th Judicial District Court, signed the order denying reinstatement.

denying her motion to reinstate, we reverse the judgment of dismissal and remand Morales's case to the trial court.

## BACKGROUND

According to Morales's pleadings, the District first hired her for the 2008-2009 school year as a kindergarten teacher, and her contract was renewed for the 2009-2010 school year. Morales alleges she witnessed her school's principal committing several improprieties during that year's administration of the Texas Assessment of Knowledge and Skills test. Morales further alleges the principal then began a campaign of harassment against her, which continued even after she complained to the District's superintendent about the alleged TAKS improprieties and harassment.

The superintendent transferred Morales to a different school for the 2010-2011 school year. Later that year, however, her former principal was also transferred to the same school. Morales claims the principal then resumed her campaign of harassment against Morales, continuing even after she again complained to the District's superintendent. At the end of the school year, Morales's contract with the District was not renewed. After unsuccessfully seeking redress through the District's grievance process, Morales filed this whistleblower-retaliation lawsuit against the District on October 1, 2011.

The record reflects that, aside from two Rule 11 agreements filed in April 2012, there was no activity in Morales's case between January 3, 2012, when the District filed its answer, and January 16, 2013. On that date, the trial court signed an order setting the causes for dismissal for want of prosecution. The order provided, in part:

> In Accordance with Rule 6 of the Texas Rules of Judicial Administration and Rule 165A of the Texas Rules of Civil Procedure, it appears to the court that the numbered and entitled causes hereinafter set forth have been on file for more 12 months on date of the DISMISSAL DOCKET DAY hereinafter stated; and the Court desiring that adequate advance notice be given; and the court being of the opinion that the same should be specially set for trial;

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the following named and entitled causes SEE EXHIBIT "A" ATTACHED HERETO; be and the same are hereby specially set for the 14TH day of MARCH 2013 at 9:00 a.m. in the District Courtroom, Cotulla, LA SALLE County, Texas. Unless scheduled for Trial on the Merits, all pending matters in said causes will be DISMISSED BY THE COURT for want of prosecution at the cost of the various plaintiffs.

The January order contains a certificate of service signed by the La Salle County District Clerk, certifying that the order was sent by mail to the attorneys whose cases were set for the March "dismissal docket day." A computer generated list of the cases set for the dismissal docket was also attached to the order.

Morales did not set her case for trial or appear prior to or during the trial court's dismissal docket hearing, and the trial court dismissed her case for want of prosecution. Its dismissal order provided:

> Pursuant to Rule 6 of the Texas Rules of Judicial Administration and Rule 165A of the Texas Rules of Civil Procedure, and the Court having considered the same at a hearing on this day, March 14, 2013, the Court finds that the instant matter should be dismissed for want of prosecution.

Morales timely filed a verified motion for reinstatement. At the conclusion of an oral hearing on the motion, the trial court denied Morales's request for reinstatement. This appeal followed.

## APPLICABLE LAW

A trial court's authority to dismiss for want of prosecution stems from two sources: 1) Rule 165a of the Texas Rules of Civil Procedure, and 2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).[2] A party must be provided with notice

---

[2] "These two sources of authority provide three potential vehicles for a trial court to dismiss a case for want of prosecution—two are provided for in Rule 165a and the third is the trial court's inherent authority." *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 n.4 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Id.* If the trial court's notice specifies a particular ground for dismissal, dismissal may only be granted on the basis stated in the notice. *In re Marriage of Seals*, 83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.). Furthermore, if the trial court's notice prescribes actions a party may take to avoid dismissal of her case and she complies with those prescriptions, the trial court abuses its discretion in dismissing the case. *See Villarreal*, 994 S.W.2d at 631 ("The notice of setting sent to Villarreal warned of dismissal for the failure to make an announcement at the dismissal hearing. . . . Because it is undisputed that Villarreal did appear, the trial court could not have dismissed this case for want of prosecution under Rule 165a(1).").

A motion to reinstate is a failsafe mechanism to prevent cases from being improperly dismissed. *Binner v. Limestone Cnty.*, 129 S.W.3d 710, 713 (Tex. App.—Waco 2004, pet denied). Rule 165a provides "[t]he court **shall** reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3) (emphasis added). This court applies the Rule 165a reinstatement standard to all dismissals for want of prosecution. *Capetta v. Hermes*, 222 S.W.3d 160, 166–67 (Tex. App.—San Antonio 2006, no pet.) (en banc).[3]

The Rule 165a reinstatement standard "is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). Thus, the party seeking reinstatement "must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its

---

[3] The courts of appeals are divided on whether the Rule 165a standard applies to all dismissals for want of prosecution, or only to dismissals for a failure to appear. *Compare Cappetta*, 222 S.W.3d at 166, *with Binner*, 129 S.W.3d at 712–13.

actions were not intentional or consciously indifferent." *Capetta*, 222 S.W.3d at 167. (quoting

*Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106, 107 (Tex. 1999) (Hecht, J., dissenting from

denial of petition for review)). The party's "failure" that must be explained is the one that led to

dismissal. *See Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio

1998, pet denied); *Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth

1999, no pet.); *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 297 (Tex. App.—Waco 1997,

pet denied). "A failure is not intentional or due to conscious indifference within the meaning of

the rule merely because it is deliberate; it must also be without adequate justification. Proof of

such justification—accident, mistake or other reasonable explanation—negates the intent or

conscious indifference for which reinstatement can be denied." *Smith*, 913 S.W.2d at 468.

Conscious indifference means more than mere negligence. *Id.*

## DISCUSSION

Morales argues that the correct application of the Rule 165a reinstatement standard would

have required the trial court to reinstate her case. At the reinstatement hearing, Morales argued her

case should be reinstated because her attorney did not receive the trial court's order setting her

case on the dismissal docket and because her attorney's paralegal was informed by the La Salle

County District Clerk's office that her case had no settings. We review the denial of a motion to

reinstate under an abuse-of-discretion standard. *Id.*

To determine whether Morales was entitled to reinstatement, we must determine what

"failure" by Morales led to the trial court's dismissal of her case. Rule 6 of the Texas Rules of

Judicial Administration, referenced in both the trial court's notice[4] and dismissal order, sets forth

the time standards under which trial courts are expected to—so far as reasonably possible—ensure

---

[4] The trial court's January order setting Morales's case for the March dismissal docket served as notice of its intent to dismiss Morales's case.

cases reach final disposition. T<small>EX</small>. R. J<small>UD</small>. A<small>DMIN</small>. 6, *reprinted in* T<small>EX</small>. G<small>OV'T</small> C<small>ODE</small> A<small>NN</small>., tit. 2, subtit. F, app. (West 2013). A case not disposed of within these time standards may be dismissed for want of prosecution under Rule 165a(2). *See Villarreal*, 994 S.W.2d at 630 & n.3; *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87–88 (Tex. App.—Fort Worth 2002, pet. dism'd).

The court's notice indicated that Morales's case would have been on the court's docket for longer than twelve months on the date of the March dismissal docket. Rule 6 provides that civil nonjury cases should be finally disposed of within twelve months from appearance date. T<small>EX</small>. R. J<small>UD</small>. A<small>DMIN</small>. 6.1 (b)(1). The notice clearly indicates that the court desires to comply with the Supreme Court's time standards, and "*therefore*," unless Morales's case was scheduled for trial on the merits by March 14, 2013, her case would be dismissed for want of prosecution on that date. Use of the word "therefore" again ties possible dismissal to Rule 6 and Rule 165a. *See Johnson-Snodgrass*, 75 S.W.3d at 88. The notice was sufficient to advise Morales that the trial court was considering dismissing her case for failure to comply with the time standards of Rule 6, but not on any other basis. *See id*. A plain reading of the trial court's dismissal order shows that—consistent with its notice—the court dismissed Morales's case under its power to dismiss cases not disposed of within the time standards of Rule 6. *See Goff v. Branch*, 821 S.W.2d 732, 735 (Tex. App.—San Antonio 1991, writ denied) ("[T]he dismissal judgment, which was based on a notice invoking the provisions of Rule 165a(1), clearly was also rendered under the provisions of this same rule."), *overruled on other grounds by Capetta*, 222 S.W.3d at 166–67.

The trial court's notice, however, permitted Morales to avoid dismissal if, prior to the March dismissal hearing, her case was set for trial. Accordingly, if Morales's case had been set for trial prior to the March dismissal hearing, the trial court would have abused its discretion in dismissing her case. *See Villarreal*, 994 S.W.2d at 631. Thus, in accordance with the trial court's

notice, Morales was required to explain her "failure" of not setting her case for trial prior to the March dismissal hearing in order to merit reinstatement. *See id.*

At the reinstatement hearing, Morales's attorney testified that his office did not receive the court's notice and that the first time he saw the trial court's notice was when he received the District's response to the motion to reinstate. He acknowledged that he did receive the computer generated list of cases that was supposed to accompany the notice.[5] The heading on the list stated:

81st/218th DISTRICT COURTS
DOCKET TYPE: DISMISS – COUNTY: (LAS)
DOCKET DATES 03/14/2013 THROUGH 03/14/2013 – PAGE 1

Morales's attorney explained that he was unfamiliar with the trial court's practice setting cases on the dismissal docket on its own motion, and he therefore asked his paralegal to inquire whether Morales's case was actually set for a dismissal hearing. He further explained that he primarily practices in Laredo, Texas, and did not want to travel to La Salle County without making sure that Morales's case actually had a setting. His paralegal testified that she called the clerk's office on February 26, 2013, asked if Morales's case had any scheduled settings, and was informed there were no upcoming settings. Morales's attorney also testified that, after Morales's case was dismissed, he had spoken with the La Salle County District Clerk's office and learned that the dismissal docket is kept separately from the regular docket.

The District did not controvert Morales's attorney's account of his actions leading up to the dismissal hearing. Nevertheless, in denying Morales's motion to reinstate, the trial court found that "[i]n this case Judge Rayes gave notice. The notice was received."

---

[5] Morales's counsel did not testify under oath, but the oath requirement was waived when the District did not raise an objection under circumstances that clearly indicated her attorney was tendering evidence on the record based on personal knowledge. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997)).

Morales's case is similar to the case of *Cliff v. Huggins*, 696 S.W.2d 175 (Tex. App.—San Antonio 1985) (*Cliff I*), *rev'd*, 724 S.W.2d 778 (Tex. 1987) (*Cliff II*). In that case, the trial court rendered a default judgment following the defendant's failure to appear for trial, and this court affirmed the trial court's denial of the defendant's motion for new trial. At the motion for new trial, both the defendant and his attorney testified that they never received notice of the trial setting and were unaware of the setting until after it had passed. *Cliff II*, 724 S.W.2d 778.

Although the defendant and his attorney testified that they never received any notice, a court reporter testified that he had sent the notice to all the parties via United States mail. *Cliff I*, 696 S.W.2d at 176. On appeal, this court relied on the court reporter's testimony and reasoned that there was a presumption that the notice of trial setting was complete when mailed by the court reporter. *Id.* at 177. We then deferred to the trial court's implied factual finding that the appellant did not rebut the presumption of receipt of notice of trial setting and therefore affirmed the denial of his motion for new trial. *Id.* at 177–78.

The Supreme Court reversed and held that a proper application of the *Craddock* conscious-indifference standard required a conclusion that the appellant had not acted intentionally or with conscious indifference by failing to appear for trial. *Cliff II*, 724 S.W.2d at 779. The Court characterized the defendant's evidence that neither he nor his attorney received the notice as uncontroverted and held it was sufficient to meet the conscious indifference standard because the defendant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Id.*; *see Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) ("Testimony by Lockwood's counsel that notice was *sent* did not contradict Mathis's testimony that notice was never *received*.").

Similar to *Cliff II*, we conclude that the evidence presented by Morales set forth facts that, if true, would negate intentional or consciously indifferent conduct. Without the trial court's

notice, Morales's attorney could not be aware of the basis for the proposed dismissal or that he was required to set Morales's case for trial prior to the March dismissal hearing. The District did not offer any evidence that Morales's attorney did receive the trial court's notice. The certificate of service on the notice is the only evidence that notice was received, but that is insufficient to controvert the testimony of Morales's attorney that he *received* only the dismissal docket printout, and not the notice. *See Cliff II*, 724 S.W.2d at 779; *Mathis*, 166 S.W.3d at 745.

The District also did not offer any evidence controverting the paralegal's testimony that she was informed by the District Clerk's office that Morales's case had no scheduled settings. The paralegal's testimony supports the conclusion that Morales's failure to set her case for trial on the merits pursuant to the trial court's notice was not the result of intentional or consciously indifferent conduct.

We hold that the testimony of Morales's counsel and his paralegal shows that Morales's failure to set her case for trial prior to the March dismissal hearing, as required by the trial court's notice, was neither intentional nor the result of consciously indifferent conduct. *See Cliff II*, 724 S.W.2d at 779; *see also Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307 (Tex. 2012) (per curiam) (summarily reversing lower court and holding defendant satisfied *Craddock* conscious-indifference standard following no-answer default judgment where the defendant's registered service agent testified that he was familiar with his duties following being served and that he did not recall being served with the plaintiff's petition, despite evidence that agent did receive the process papers). The trial court abused its discretion in ruling otherwise.

**CONCLUSION**

We hold the trial court abused its discretion by denying Morales's motion to reinstate.[6] We reverse the trial court's judgment of dismissal and remand the case to the trial court with instructions to reinstate the case on its docket.

Luz Elena D. Chapa, Justice

---

[6] Because we reverse the trial court's order denying the motion to reinstate, we do not separately address whether the trial court abused its discretion in dismissing Morales's case. *See Bates v. Sunshine RV, Ltd.*, No. 04-09-00818-CV, 2010 WL 3582487, at *2 n.2 (Tex. App.—San Antonio Sept. 15, 2010, no pet.) (mem. op.) (citing TEX. R. APP. P. 47.1).