**Dr. Christopher J. CAPPETTA, Appellant,**

v.

**Michael HERMES, Sr., Appellee.**

**No. 04–06–00125–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 27, 2006.

Rehearing Overruled Feb. 16, 2007.

---

Elizabeth Conry Davidson, San Antonio, for appellant.

Allen F. Cazier, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Dr. Christopher J. Cappetta appeals the trial court's orders granting Michael Hermes, Sr.'s motion to dismiss for want of prosecution and denying Dr. Cappetta's motion to reinstate. On our own initiative, we have taken the appeal en banc to revisit the standard that applies to reinstatement motions. We hold the standard set forth in Texas Rule of Civil Procedure 165a(3) applies to all reinstatement motions, regardless of whether the basis for the dismissal was Rule 165a(1) or (2) or the trial court's inherent power. Because the trial court has not had an opportunity to review Dr. Cappetta's reinstatement motion in light of this standard, we reverse the trial court's judgment and remand the cause with instructions for it to do so.

### Factual and Procedural Background

Dr. Christopher J. Cappetta filed this suit on March 28, 2001 to recover on a promissory note signed by Michael Hermes, Jr.; Truly Elegant Custom Homes, Inc.; and Michael Hermes, Sr. On April 10, 2001, the defendants filed a joint answer asserting a general denial and that the note was not yet due. Thereafter, Cappetta served requests for disclosures on April 27, 2001, requests for admissions on July 2, 2001, and requests for production on March 9, 2002. That same spring, however, Cappetta told his trial attorney that he believed some or all of the defendants were planning to file for bankruptcy. Believing it would be a waste of resources to pursue the matter aggressively if a bankruptcy was looming, Cappetta and his attorney decided to wait and see whether a bankruptcy petition was in fact filed.

On October 8, 2002, the case was dismissed for want of prosecution. On October 21, 2002, Cappetta moved to reinstate, contending he did not appear at the dismissal hearing because his attorney had incorrectly calendared the hearing date and asserting that the parties had agreed to request a non-jury trial setting for January 2003.[2] This motion was granted on November 19, 2002 and, on Tuesday, February 28, 2003, Cappetta filed motions to set the case for a non-jury trial and on the alternative dispute resolution docket. That same day, the case was set for an ADR hearing on March 10, 2003 and for trial on the non-jury docket on May 1, 2003 at 9:30 a.m. However, the following Thursday, March 6, 2003, the defendants' attorney filed a notice stating that Michael Hermes, Jr., individually and doing business as Truly Elegant Custom Homes, Inc., had filed a chapter 7 bankruptcy petition.[3] Immediately following the entry of this notice on the docket sheet is the fol-

---

2. In his affidavit, Cappetta's attorney states that he did not receive notice that the case had been set on the dismissal docket.

3. According to the affidavit of Cappetta's trial attorney, the bankruptcy petition was filed February 24, 2003.

lowing notation: "CASE CLOSED OTHER DISPOSITION AFTER COURT REVIEW—PENDING IN BANKRUPTCY COURT." Despite this notation, on November 19, 2004, the trial court again dismissed Cappetta's suit without notice or hearing. When Cappetta's trial attorney received notice of this dismissal on December 20, 2004, he drafted a reinstatement motion and went to file it. However, when he arrived at the clerk's office, he was informed that, because the case was dismissed while a bankruptcy proceeding and automatic stay were pending, the trial court had already reinstated the case on its own initiative.

On May 25, 2005, the bankruptcy court discharged the debts of Michael J. Hermes, Jr. and Truly Elegant Custom Homes, Inc. On October 6, 2005, after investigating Michael Hermes, Sr.'s non-exempt assets, Cappetta non-suited Hermes, Jr. and Truly Elegant and set the case against Hermes, Sr. for trial on the non-jury docket for December 5, 2005. On October 31, 2005, however, Michael Hermes, Sr. moved to dismiss, asserting the case had sat on the court's docket for "29 months with no activity." At the ensuing hearing, Cappetta's attorney acknowledged that "there was not a stay order issued against [ ] Hermes, Sr.," but argued that he decided to wait to pursue the matter because there was some controversy as to whether all of Hermes, Jr.'s and Truly Elegants' debts would be fully discharged and because he wanted to avoid a multiplicity of suits. The trial court granted Hermes's motion and dismissed the case. Cappetta moved to reinstate, supporting his motion with his trial attorney's five-page affidavit, which explained his inactivity as follows:

> During the time the bankruptcy stay was in place, in accordance with the notice of stay I received from the court, I took no action on behalf of my client to prosecute the case against the defendants. I did not move to sever the remaining defendant's case out to pursue him because I believed that there was a chance that the bankruptcy filed by the other two could be dismissed. I did not want to risk losing any of my client's rights by dropping them. I also felt that if they were dismissed, that it would be a substantial waste of judicial resources to sever them from the suit, then re-file new lawsuits against them after they were dismissed from bankruptcy.

At the ensuing hearing, Cappetta's attorney on appeal elaborated on Cappetta's trial attorney's affidavit and the argument made at the dismissal hearing, explaining as follows:

> In this situation we have one note, all three were makers on the note. They were all [d]efendants in this case, they all had the same defenses, all the same claims were being pled against them. And if—and if we had made an effort at that time to proceed against Mr. Hermes, Senior, they could have, I believe, made the argument that they should be subject to the stay. And I think that they certainly would have made that argument because they would have argued that if we are allowed to continue proceeding against him we can do discovery, we can take depositions, we could even possibly go to trial and take a judgment. All of these things if they ended up in [Cappetta's] favor would prejudice the bankruptcy estate because the bankruptcy estate includes not just property of the debtor, but it also—it includes his rights and claims that he has under law. And if this case were established be it by a default judgment that [Cappetta] got somehow, by a summary judgment, or a normal judgment, or even if discovery was answered

that was harmful to—the bankruptcy debtor, then the court would have—the bankruptcy court I think would have viewed that under federal law they were entitled to a stay because their interests were completely aligned, they were completely identical, there are no differences between these three makers under the note.

In response, Hermes's attorney argued that, as Cappetta's attorney admitted in his affidavit, "what really prompted the case being reactivated was that [Cappetta's] counsel learned that Mr. Hermes, Senior had some non homestead property deeded into his name." At the conclusion of the hearing, the trial court denied Cappetta's motion to reinstate without stating the grounds for its ruling or the reinstatement standard it applied.

Cappetta appealed, filing a brief that seeks to establish that the dismissal was erroneous regardless of whether it was based upon a failure to appear under Rule 165a(1), a failure to comply with the supreme court's time standards under Rule 165a(2), or a failure to exercise due diligence in prosecuting the case under the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999) ("trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power"). In his brief, Hermes, Sr. argues his motion sought an inherent power dismissal only. We agree and therefore limit our discussion to that ground.

## DISMISSAL

■ "We review a dismissal for want of prosecution under a clear abuse of discretion standard." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997). To avoid dismissal, Cappetta was required to show

he exercised reasonable diligence in prosecuting the case. *See id.* However, at the hearing, Cappetta's counsel did not explain the procedural history of the case detailed above (most of which is taken from the affidavit accompanying Cappetta's motion to reinstate); he did not ask the trial court to take judicial notice of matters appearing in the court's file; he did not explain the interrelated nature of his claims against Hermes, Sr. and the two bankrupt defendants; he did not offer any evidence from the bankruptcy proceedings; and he did not offer any argument as to why the bankruptcy stay might have precluded him from proceeding. Rather, counsel simply stated that he decided to delay pursuing Cappetta's claim against Hermes, Sr. because the bankrupts' debts might not be fully discharged and to avoid a multiplicity of suits. Under these circumstances, we hold the trial court did not abuse its discretion in granting Hermes, Sr.'s motion to dismiss.

## REINSTATEMENT

■ The standard of review on appeal is clear. We review an order denying a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995) (per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003). Considerably less clear are the "guiding rules or principles" that govern the trial court's exercise of discretion in considering a reinstatement motion and thus inform our application of the abuse of discretion standard on appeal.

Rule 165a(3) provides that, after a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party

or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R. Civ. P. 165a(3). And Rule 165a(4) makes "[t]he same reinstatement procedures and timetables ... applicable to all dismissals for want of prosecution, including cases which are dismissed pursuant to the court's inherent power." Tex.R. Civ. P. 165a(4). A leading commentator on the rules and a member of the Supreme Court Advisory Committee that drafted the proposed amendments adding subsections (3) and (4) to Rule 165a thus wrote soon after their promulgation that "[t]he new rule eliminates the confusion [arising out of different standards applying to different types of dismissals] by making the reinstatement procedure and timetable applicable to cases dismissed pursuant to the court's inherent power as well as to cases dismissed pursuant to Rule 165a." Steve McConnico & Daniel W. Bishop II, *Practicing Law with the 1984 Rules: Texas Rules of Civil Procedure Amendments*

*Effective April 1, 1984,* 36 BAYLOR L.REV. 73, 95 (1984) [hereinafter "McConnico"]; *see Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730, 732 (Tex.App.-Dallas 1985, no writ) ("Rule 165a now controls reinstatement procedure for all cases, whether dismissed under Rule 165a or pursuant to the court's inherent power.") (citing McConnico; 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.19 (rev.1984)).[4]

The Rule 165a(3) reinstatement standard is applied to inherent power dismissals by a few courts.[5] Other courts, including this one, have reasoned that "the words 'the failure' in section three refer to a party's 'failure to appear,' which is treated at length in section one, and not to a party's failure to prosecute a case with diligence"; and "[t]he terms used in section three—'intentional,' 'conscious indifference,' 'accident,' and 'mistake'—are more applicable to failure to appear in court than to failure to prosecute a lawsuit diligently to a prompt conclusion." *Ozuna*

---

4. *See also* Richard M. Crowe, *Making Sense of the 1988 Amendment to Texas Rule of Civil Procedure 165A,* 46 BAYLOR L.REV. 653, 667 (1994) ("despite any case law to the contrary, 'the failure' [in Rule 165a(3)] applies to all failures which result in dismissal for want of prosecution").

5. The First Court of Appeals has usually applied the Rule 165a(3) standard to inherent power dismissals. *See Federal Dep. Ins. Corp. v. Principium, Inc.,* No. 01–92–01252–CV, 1993 WL 236342, at *2 (Tex.App.-Houston [1st Dist.] 1993, no writ) (not designated for publication); *Brown v. Howeth Inv., Inc.,* 820 S.W.2d 900, 902 (Tex.App.-Houston [1st Dist.] 1991, writ denied); *Armentrout v. Murdock,* 779 S.W.2d 119, 122 (Tex.App.-Houston [1st Dist.] 1989, no writ); *NASA I Bus. Ctr. v. American Nat'l Ins. Co.,* 747 S.W.2d 36, 38 (Tex.App.-Houston [1st Dist.] 1988), *writ denied sub nom. Gulf Coast Inv. Corp. v. NASA I Bus. Ctr.,* 754 S.W.2d 152 (Tex.1988) (per curiam); *Long v. Jalco, Inc.,* No. 01–86–0629–CV, 1987 WL 13101, at *1 (Tex.App.-Houston

[1st Dist.] June 25, 1987, no writ) (not designated for publication); *but see Olin Corp. v. Coastal Water Auth.,* 849 S.W.2d 852, 858 n. 6 (Tex.App.-Houston [1st Dist.] 1993, no writ) ("Rule 165a(3) does not apply to cases dismissed for want of diligent prosecution pursuant to a trial court's inherent powers."). The Ninth Court of Appeals also appears to have applied the Rule 165a(3) standard to inherent power dismissals. *See Maldonado v. Conroe Creosoting Co.,* No. 09–96–401–CV, 1997 WL 536704, at *2 (Tex.App.-Beaumont Aug.28, 1997, no writ) (not designated for publication). And the Thirteenth Court of Appeals has recently stated that the Rule 165a(3) standard applies to all dismissals. *See Sanchez v. Garcia,* No. 13–05–557–CV, 2006 WL 2076752, at *2 n. 6 (Tex.App.-Corpus Christi Jul. 27, 2006, pet. denied) ("The standard should be the same regardless of whether a case is dismissed pursuant to rule 165a or the court's inherent power.") (citing *Rampart Capital Corp. v. Maguire,* 1 S.W.3d 106, 107 (Hecht, J., joined by Owen, J., dissenting)).

*v. Southwest Bio–Clinical Labs.*, 766 S.W.2d 900, 903 (Tex.App.-San Antonio 1989, writ denied). As a result, the "procedures and timetables" referenced in Rule 165a(4) are interpreted as including everything but the Rule 165a(3) reinstatement standard, which has been held not to apply to inherent power dismissals.[6] The subsequent history of these diverging cases does not assist us in resolving this split in authority since the supreme court has denied review regardless of the standard applied. *See supra,* nn. 5–6.

■ After carefully considering the above-cited articles and opinions, we are persuaded that Rule 165a(3)'s reinstatement standard should apply to all dismiss-als for want of prosecution. We reach this conclusion for three reasons. First, we are convinced by the language of Rule 165a(3), which nowhere suggests that its reinstatement standard does not apply to inherent power dismissals; to the contrary, Rule 165a(4) states that "[t]he same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power...."[7] We are also persuaded by the above-quoted McConnico article, which strikes us as akin to legislative history and which unequivocally states that Rule 165a(3)'s reinstatement standard as promulgated by the court was drafted by the committee with the intent that it would

**6.** *See Northbrook Prop. & Cas. Ins. Co. v. C & C Erection, Inc.,* No. 04–98–01063, 1999 WL 734840, at *6 (Tex.App.-San Antonio Sept. 22, 1999, pet. denied) (not designated for publication) ("The standard for reinstatement set forth in rule 165a(3) is not applicable to cases dismissed under the trial court's inherent power."); *Goff v. Branch,* 821 S.W.2d 732, 733 (Tex.App.-San Antonio 1991, writ denied) ("The reinstatement provisions of Tex.R. Civ. P. 165a(3) must be construed in connection with the grounds for dismissal set out in Tex.R. Civ. P. 165a(1) and, therefore, apply only to cases that are dismissed because of failure of a party to appear or make an announcement."); *Ozuna v. Southwest Bio–Clinical Labs.,* 766 S.W.2d 900, 903 (Tex.App.-San Antonio 1989, writ denied) ("We hold that Rule 165a(3)'s reinstatement provision ... applies only to dismissals for failure to appear at a trial or other hearing."); *accord, e.g., Maida v. Fire Ins. Exch.,* 990 S.W.2d 836, 841 (Tex.App.-Fort Worth 1999, no pet.) (holding that "165a(3)'s reinstatement standard, 'conscious indifference,' only applies to cases dismissed for failure to appear"); *Burton v. Hoffman,* 959 S.W.2d 351, 354 (Tex.App.-Austin 1998, no pet.) (same); *Eustice v. Grandy's,* 827 S.W.2d 12, 14 (Tex.App.-Dallas 1992, no writ) (holding "rule 165a(3) applies only to cases dismissed for want of prosecution because of the failure of an attorney or party to appear for trial" and "does not apply to cases dismissed for want of diligent prosecution pursuant to the inherent power of the trial court"); *Guest v. Dixon,* No. 07–03–0189–CV, 2006 WL 2547087, at *3 (Tex.App.-Amarillo Sept. 5, 2006, no pet.) ("[S]ubsequent to the decision in *Rampart,* we held that the 'conscious indifference' standard did not apply to cases dismissed under the inherent power of the court to dismiss for lack of prosecution"); *Hunt v. El Paso County Dist. Clerk,* No. 08–00–00444–CV, 2002 WL 997772 at *3 (Tex.App.-El Paso May 16, 2006, pet. denied) (not designated for publication) ("Rule 165a(3) applies only to dismissals for want of prosecution because of the failure of an attorney or party to appear at a hearing or trial"); *Binner v. Limestone County,* 129 S.W.3d 710, 712 (Tex.App.-Waco 2004, pet. denied) ("As several other courts of appeals have held, Rule 165a(3)'s standard for reinstatement only applies to cases dismissed for failure to appear under Rule 165a(1)."); *Bynog v. Prater,* 60 S.W.3d 310, 314 (Tex.App.-Eastland 2001, pet. denied) (holding that "Rule 165a does not apply" because "[a]ppellant's suit was not dismissed for failure to appear for a hearing or for a trial; it was dismissed for failure to prosecute her case").

**7.** *See State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002) (noting that statutory construction must begin with the "plain and common meaning of the statute's words.").

apply to all dismissals.[8] In short, neither Rule 165a's language nor the contemporaneous interpretation of the rule by a member of the committee that initially drafted it supports the trend to impose on inherent power dismissals all of the Rule 165a(3) "procedures and timetables" except its reinstatement standard. Finally, like the Thirteenth Court of Appeals in *Sanchez*, *supra* n. 5, we are persuaded by the recent opinion dissenting to the denial of the petition for review in *Rampart*, in which Justice Hecht reasoned as follows:

> Several courts of appeals have concluded that Rule 165a(3)'s reinstatement standard should not apply to cases dismissed under the trial court's inherent power, but fail to explain what alternative reinstatement standard should then apply. Because a case may be dismissed for lack of diligence under either Rule 165a(2) or the court's inherent power, no purpose is served in creating two separate standards for review. The standard should be the same regardless of whether a case is dismissed pursuant to Rule 165a or the court's inherent power. The party must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its actions were not intentional or consciously indifferent.

*Rampart Capital Corp.*, 1 S.W.3d at 107 (Hecht, J., joined by Owen, J., dissenting). We agree and therefore hold the Rule 165a(3) standard applies to all dismissals for want of prosecution, whether rule-based or inherent power-based. Consequently, we overrule our previous opinions to the extent they hold otherwise.

 "The operative standard is essentially the same as that for setting aside a default judgment." *Smith*, 913 S.W.2d at 468 (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939)). "A failure ... is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith*, 913 S.W.2d at 468 (citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex.1992)). "Also, conscious indifference means more than mere negligence." *Smith*, 913 S.W.2d at 468 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966)).

### Conclusion

Because "no purpose is served in creating two separate standards for review" for orders denying reinstatement of rule-based and inherent power-based dismissals, we hold that henceforth the Rule 165a(3) standard applies to all dismissals for want of prosecution. Because the trial court has not had an opportunity to consider Dr. Cappetta's reinstatement motion in light of this standard, we reverse the trial court's judgment and remand the cause with instructions for it to do so.

---

**8.** *Cf. In re Dana Corp.* 138 S.W.3d 298, 302 (Tex.2004) ("the rules of civil procedure 'have the same force and effect as statutes' and should be construed in a similar manner") (citing and quoting *Missouri Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973)); *City of Houston v. Clark*, 197 S.W.3d 314, 318 (Tex.2006) (holding that in construing statute, "our primary objective is to ascertain and give effect to the Legislature's intent").