Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00185-CV

Clark L. **BALLANTYNE**, and G.W. Dunster, as Trustee of the Clark L. Ballantyne Trust
and of the Laura Ballantyne Warner Trust,
Appellants

v.

Mark C. **JOHNSON**, Albert F. Bertha, and Highlander Homes Finesilver, L.D.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-09603
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   December 10, 2008

AFFIRMED

Clark Ballantyne and G.W. Dunster appeal the trial court's dismissal of their case for want

of prosecution, claiming that (1) the trial court erred in dismissing the case, and (2) the trial court

further erred by not reinstating the case. We affirm the trial court's order.

**FACTUAL AND PROCEDURAL HISTORY**

Clark L. Ballantyne and G. W. Dunster filed this appeal as Trustee of the Clark L. Ballantyne Trust and the Laura Ballantyne Warner Trust (hereinafter "Ballantyne"). In 2002, Ballantyne filed suit against Mark C. Johnson, Albert F. Bertha, and Highlander Homes Finesilver, L.D. (hereinafter "Johnson") for breach of fiduciary duty, tortious interference with contract, and other causes of action. The record reflects that Johnson initiated some discovery in 2003 and 2004; however, Ballantyne took no action.

The original trial date was May 9, 2005. Because Ballantyne's attorneys had a conflicting trial setting, he requested a continuance and the trial was reset for October 10, 2005. Johnson then requested a continuance due to work conflicts, and the trial was again reset for March 6, 2006. Johnson requested another continuance because his attorney had a trial conflict; at that point, the trial court ordered the parties to mediate and stated that the trial would not be reset until the mediation was completed.

Eighteen months later, on September 19, 2007, a notice was sent to Ballantyne informing him the case was being set on the dismissal docket. No effort was made by Ballantyne or Johnson to set a trial date. The trial court held the dismissal hearing on December 4, 2007, and the case was dismissed.

Ballantyne filed a motion to reinstate the case on January 3, 2008. The motion stated that the case had not been prosecuted because discovery was difficult to obtain and because of Johnson's requests for continuances. Ballantyne's motion also stated, "Counsel for Plaintiff forgot that the case

had not been reset for trial. Because the case was continued without specifying a trial date, Plaintiff inadvertently failed to obtain a new setting after mediation."

Approximately three months later, on March 7, 2008, Ballantyne filed a Notice of Setting, notifying Johnson that Ballantyne had set a hearing for the motion on March 25, 2008. On March 18, 2008, Ballantyne filed a Notice of Appeal, and subsequently dropped the motion to reinstate.

### DISMISSAL FOR WANT OF PROSECUTION

In his first issue, Ballantyne contends the trial court erred in dismissing the case for want of prosecution. A trial court has the power to dismiss a case for want of prosecution; its decision can be disturbed on review only if the trial court's decision was the result of a clear abuse of discretion. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the court's inherent authority. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a(2) for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal*, 994 S.W.2d at 630.

Ballantyne argues that he exercised reasonable diligence, and that it was Johnson who was responsible for the delays. Ballantyne points out that while he only requested one continuance, Johnson requested two; in addition, Ballantyne contends that one of the reasons he inadvertently forgot to reset the trial was because Johnson's counsel requested that no setting be obtained pending resolution of the attorney's ad litem appointment on another case.

Johnson responds to Ballantyne's arguments by pointing out that before issuance of the notice of dismissal, the case lingered for over five years with no substantial activity and no pending trial date. The record reflects the following time line for this matter through issuance of the notice of dismissal:

| | |
|---|---|
| July 2002 | Ballantyne's suit filed |
| February 2005 | Case ordered to mediation |
| May 2005 | Initial trial setting (based on Johnnson's motion) |
| October 2005 | Second trial setting (based on Ballantyne's request for a continuance) |
| March 2006 | Third trial setting (based on Johnson's request for a continuance) |
| | Order to mediate (based on Johnson's second request for continuance) |
| September 2007 | Notice of dismissal docket setting |

The timeline above shows that while this matter was on the trial court's docket for more than five years, little activity took place up until the issuance of the notice of dismissal.

Based on the record, the trial court correctly exercised its Rule 165a power and its inherent power to dismiss a case when there has not been due diligence in prosecuting a case. *See* TEX. R. CIV. P. 165a(2); *Villarreal*, 994 S.W.2d at 630. Under Rule 165a(2), "[a]ny case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be

placed on a dismissal docket." TEX. R. CIV. P. 165a(2). Rule 6 of the Rules of Judicial Administration provides that civil jury cases should be disposed of within eighteen months of the appearance date. TEX. R. JUD. ADMIN. 6. This case was on the docket for over five years. The trial court was clearly within its right to place the case on the dismissal docket.

In addition, the court exercised its inherent power to dismiss the case independently of Rule 165a when it found Ballantyne failed to prosecute his case with due diligence. *See Villarreal*, 994 S.W.2d at 630. A trial court may consider several factors when determining whether a party has demonstrated a lack of due diligence in prosecuting a claim, including: (1) the entire history of the case; (2) the length of time the case was on file; (3) the extent of activity in the case; (4) the request of a trial setting; (5) the existence of reasonable excuses for delay; and (6) the reasonable diligence of serving the opposing party. *Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 97 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). At the time the case was placed on the dismissal docket, it had been on file for over five years and had no current trial setting. In addition, even after Ballantyne received the September notice that the case would be heard on the dismissal docket in December, he made no efforts to show he intended to go forward with prosecuting the case. The notice sent to Ballantyne by the court clearly stated that appropriate action should be taken to evidence the party's intent to prosecute the case, i.e., a final hearing should have been set if that was Ballantyne's desire. Instead, Ballantyne made no effort to demonstrate to the trial court that the case should be left on the docket. *See, e.g., Crown Asset Mgmt., L.L.C. v. Bogar,* No. 05-07-01146-CV, 2008 WL 3867638 at *2 (dismissing case for lack of due diligence where plaintiff failed to take action during the month it was on notice of the dismissal docket setting).

We conclude the trial court's dismissal of Ballantyne's case was a valid exercise of both the trial court's power under Rule 165a and the trial court's inherent power to dismiss, and thus was not an abuse of discretion. Ballantyne's first issue is overruled.

## MOTION FOR REINSTATEMENT

Rule 165a(3) provides that after a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). Rule 165a(4) makes "[t]he same reinstatement procedures and timetables . . . applicable to all dismissals for want of prosecution, including cases which are dismissed pursuant to the court's inherent power." TEX. R. CIV. P. 165a(4).

We review an order denying a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). This court has held that this reinstatement standard applies to all dismissals for want of prosecution. *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.) (en banc). As we reinforced in *Capetta,*

> "The operative standard is essentially the same as that for setting aside a default judgment. A failure . . . is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. Also, conscious indifference means more than mere negligence."

*Cappetta*, 222 S.W.3d at 167 (quoting *Smith v. Babcock & Wilcox Const. Co., Inc.,* 913 S.W.2d 467, 468 (Tex. 1995)).

In his motion for reinstatement, Ballantyne argued that the trial court should not have dismissed the case. Ballantyne contends that he met with considerable resistance when attempting to obtain discovery from Thompson. He claims that most of the delay was Johnson's fault because of his two requested continuances (as opposed to the one requested by Ballantyne). Ballantyne also contends that extensive discovery was conducted, resulting in over 8,000 pages of documents, and that the parties negotiated for a period of time after mediation was ordered by the court in 2006. Finally, Ballantyne defends his failure to reset the case, stating that is was not intentional or the result of conscience indifference, but rather an inadvertent mistake.

We cannot say that the trial court acted in an arbitrary or unreasonable manner when it denied Ballantyne's motion to reinstate the case. Ballantyne's failure to set the case after the March 2006 continuance may have been mere negligence, but that does not explain the delay in prosecuting his case over a five-year period. While Ballantyne's contentions show some limited activity during the course of the case, the record reflects that after the initial filing of the suit, there was a time period of over two years before the initial trial setting, which was initiated by Johnson. In addition, there was no activity on the case from February of 2006 to December of 2007, when the case was dismissed. Ballantyne failed to take advantage of the time given between the notice of setting on the dismissal docket and the dismissal hearing by filing a motion to show he was still actively prosecuting the case. Ballantyne's justifications for periods of delay explain only some of the inactivity and do not justify the five year period that passed from the filing of the suit to its dismissal.

Consequently, the trial court did not abuse its discretion when it denied Ballantyne's motion to reinstate the case. Ballantyne's second issue is overruled.

## CONCLUSION

Ballantyne failed to prove the trial court abused its discretion in dismissing his case for want of prosecution or denying the motion for reinstatement. Accordingly, the trial court's order is affirmed.

Catherine Stone, Justice