



## MEMORANDUM OPINION

No. 04-09-00818-CV

David **BATES** and Ellen Bates,
Appellants

v.

**SUNSHARE RV, LTD.**, Bob Lyons, Brian Coyle,
Clay Weger, and Vacations In Style, LLC,
Appellees

From the County Court at Law, Kendall County, Texas
Trial Court No. 07-137-CCL
Honorable Bill R. Palmer, Judge Presiding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

REVERSED AND REMANDED

David Bates and Ellen Bates appeal the trial court's dismissal of the underlying cause for

want of prosecution and its denial of the Bates' motion to reinstate. We reverse the trial court's

order denying the Bates' motion to reinstate and remand the cause for further proceedings.

---

[1] The Honorable Keith Williams signed the order dismissing the underlying cause, and the Honorable Bill R. Palmer signed the order denying the motion to reinstate.

## BACKGROUND

The Bates filed the underlying lawsuit on March 21, 2007, alleging various causes of action arising from the rental of their recreational vehicle. After engaging in a continuous period of discovery, the parties were referred to mediation. On November 13, 2008, the Bates filed a motion to set the cause on the jury docket, and the cause was set for trial on May 11, 2009. On November 14, 2008, the trial court signed a scheduling order that required proposed jury instructions, definitions, and questions to be provided to the trial court by noon on the Monday preceding the week of the trial date. On May 5, 2009, the trial court signed an order stating that the parties had failed to comply with the scheduling order and, as a result, the trial court dropped the May 11, 2009 trial setting.

On June 29, 2009, the Bates filed a second motion to set the cause on the jury docket, and the cause was set for trial on October 13, 2009. On October 6, 2009, the trial court signed an order stating that the parties failed to comply with the scheduling order. In addition to dropping the trial setting, the trial court's order set a dismissal hearing. At the hearing, the Bates' attorney explained that no scheduling order was entered after the case was reset, and the Bates were ready to proceed with trial. The trial court noted that the lawsuit had been pending since March of 2007, and had been set twice with no compliance with the trial court's scheduling order. After the hearing, the trial court signed an order on November 23, 2009, dismissing the cause for want of prosecution.

On November 30, 2009, the Bates filed a verified motion to reinstate. The affidavit of the Bates' attorney was attached to the motion. In the affidavit, the Bates' attorney detailed the discovery and other actions undertaken in pursuing the case. The attorney also stated that he filed a motion for continuance on May 6, 2009, which he believed was the reason the first trial

setting was dropped. The appellate record in this case, however, does not contain a motion for continuance. The attorney further stated both in the affidavit and at the hearing that he believed a new scheduling order would be issued when the case was reset and believed the November 14, 2008 scheduling order pertained only to the first trial setting. The trial court responded that the order was worded to carry over. The trial court asked the attorney why he failed to submit special issues or instructions prior to the first trial setting, and the attorney responded that his office had failed to note the deadline on the calendar by mistake. The attorney also stated he would immediately file special issues and would proceed with trial at the court's convenience. The trial court denied the motion to reinstate.

## DISCUSSION

"We review an order denying a motion to reinstate under an abuse of discretion standard." *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id*.

When a case is dismissed for want of prosecution, the trial court must reinstate the case upon finding that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *Cappetta*, 222 S.W.3d at 167. A failure is not intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification. *Smith*, 913 S.W.2d at 468; *Cappetta*, 222 S.W.3d at 167. Proof of such justification — accident, mistake, or other reasonable explanation — negates the intent or conscious indifference for which reinstatement can be denied. *Smith*, 913 S.W.2d at 468; *Cappetta*, 222 S.W.3d at 167.

Also, conscious indifference means more than mere negligence. *Smith*, 913 S.W.2d at 468; *Cappetta*, 222 S.W.3d at 167.

In this case, the Bates' attorney explained that the failure to comply with the scheduling order in relation to the first trial setting was due to a mistake in calendaring. Furthermore, the attorney explained that the failure to comply with the scheduling order in relation to the second trial setting was based on the attorney's understanding that a new scheduling order would be entered after the trial was reset. The attorney's understanding is consistent with existing precedent. *See Killam Ranch Properties, Ltd. v. Webb County*, No. 04-08-00105-CV, 2008 WL 4958452, at *4 (Tex. App.—San Antonio Nov. 19, 2008, no pet.) (stating resetting nullifies previous deadlines set forth in pretrial guideline order) (mem. op.); *Daniels v. Yancey*, 175 S.W.3d 889, 893 (Tex. App.—Texarkana 2005, no pet.) (same); *Felker v. Petrolon, Inc.*, 929 S.W.2d 460, 467 n.9 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (noting trial court overruled objection that expert was not properly designated according to scheduling order based on cases trial court cited that held scheduling order deadlines are no longer in effect when a trial is reset); *J.G. v. Murray*, 915 S.W.2d 548, 550 (Tex. App.—Corpus Christi 1995, no writ) (holding trial resetting nullifies deadlines set by docket control order); *but see G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 543 n.2 (Tex. App.—Dallas 2005, no pet.) (noting resetting did not affect deadlines where scheduling order expressly provided, "Reset or continuance of the Initial Trial Setting [May 19, 2003] will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order."). The attorney's affidavit and testimony established that the failure to comply with the scheduling order was not intentional or due to conscious indifference and that the Bates had

diligently pursued their claims.  Accordingly, the trial court abused its discretion in denying the Bates' motion to reinstate.[2]

**CONCLUSION**

The trial court's order denying the Bates' motion to reinstate is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

---

[2] Because we reverse the trial court's order denying the motion to reinstate, we do not separately address whether the trial court abused its discretion in dismissing the cause.  *See* TEX. R. APP. P. 47.1 (opinions should address only issues necessary to final disposition).