

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00465-CV

Adolfo R. **MARTINEZ**,
Appellant

v.

Noel P. **BENAVIDES**; Pablo A. Martinez, Inc.; Dr. Javier Tadeo Ramirez; Judith Christina R.
Barrera, Individually and as Executrix of the Estate of Evangelina H. Ramirez; Maria Cecilia R.
Benavides, Individually and as Executrix of the Estate of Evangelina H. Ramirez;
Claudia R. Mathers; and Leticia R. Reyes,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-03-350
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 1, 2016

AFFIRMED

Adolfo R. Martinez appeals from the trial court's order denying his motion to reinstate. We

affirm.

### BACKGROUND

In September 2003, Martinez filed a suit to quiet title against multiple defendants. In his

suit, Martinez claimed that he had acquired land located in Starr County, Texas, by adverse

possession. More than ten years later, some of the defendants had still not been served. The trial

court determined that Martinez had failed to prosecute his case with due diligence and dismissed Martinez's suit for want of prosecution. Martinez timely filed a verified motion seeking reinstatement. In this motion, Martinez stated that the trial court "should grant a motion to reinstate if there is good cause to maintain the case on the docket." The trial court did not hold a hearing on the motion to reinstate.

Martinez appealed the dismissal order. The appellate court held that, although the trial court did not abuse its discretion in dismissing Martinez's claims for want of prosecution, it did err in dismissing Martinez's claims with prejudice and in failing to hold a hearing on Martinez's motion to reinstate. *Martinez v. Benavides*, No. 01-14-00269-CV, 2015 WL 1501793, at \*4-5 (Tex. App.—Houston [1st Dist.] 2015, no pet.).[1] The case was remanded to the trial court for a hearing on Martinez's motion to reinstate. *Id.*, at \*5.

On remand, the trial court held an evidentiary hearing on the motion to reinstate. At this hearing, Martinez called one witness to testify. The witness, John A. Pope, III, testified that he represented Martinez in this lawsuit from the middle or latter part of 2008 to sometime in the early part of 2013. Pope further testified that he had had a difficult time serving some of the defendants, who were located in Mexico and for whom he lacked address information. Pope also testified that at either the end of 2012 or the early part of 2013 he attempted to get information from opposing counsel concerning the unserved defendants' addresses, but the information was not furnished to him. According to Pope, his problems in effectuating service were compounded by Mexico's drug problems. Pope indicated it was hard to find someone to go to Mexico to help locate the missing defendants. Pope also testified that the first and second trial settings were passed because the case

---

[1] The former appeal was decided by the First Court of Appeals pursuant to a transfer order from the Texas Supreme Court.

law indicated that the trial court could not proceed to trial without the unserved parties. Finally, Pope testified that he withdrew from the case on the third trial setting, which was August 12, 2013.

After eliciting testimony from Pope, Martinez asked the trial court to take judicial notice of the court's file. The trial court granted this request. After taking the motion under advisement, the trial court signed an order denying Martinez's motion to reinstate.[2] Findings of fact and conclusions of law were not requested.

In two issues, Martinez argues that the trial court's order denying his motion to reinstate must be reversed because (1) the trial court abused its discretion in denying his motion to reinstate, and (2) the trial court applied the wrong standard in ruling on his motion to reinstate.

### APPLICABLE LAW

A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a, and (2) its inherent authority. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a, a trial court may dismiss a case when a plaintiff fails to appear for any scheduled hearing or when the case is not disposed of within the time periods set by the Texas Supreme Court. *Id*. Under the common law, a trial court also has the inherent power to dismiss a case when a plaintiff fails to prosecute its case with due diligence. *Id*. Rule 165a(3) provides that, after a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3).

In *Cappetta v. Hermes*, 222 S.W.3d 160, 164-67 (Tex. App.—San Antonio 2006, no pet.), we addressed the standard for reviewing a ruling on a motion to reinstate when the trial court

---

[2]The trial court's order states: "After considering the motion, response, pleadings, evidence, and arguments of counsel, the Court finds Plaintiff failed to show good cause for reinstatement or for the granting of a new trial."

dismisses a case under its inherent power. We noted that in the past some courts, including this court, had held that the Rule 165a(3) standard did not apply to inherent power dismissals. *Id*. at 165. However, in *Cappetta*, we concluded that Rule 165a(3)'s standard applied to all categories of dismissals for want of prosecution, including inherent power dismissals. *Id*. at 166. The standard is essentially the same as the standard for setting aside a default judgment. *Id*. at 167. A failure to diligently prosecute is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. *Id*. We further explained that proof of such justification—whether it be by accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. *Id*. Therefore, under our holding in *Cappetta*, when reviewing a ruling on a motion to reinstate, we consider whether the plaintiff provided proof of justification for his failure to diligently prosecute his suit. *See id*.

We review an order denying a motion to reinstate under an abuse of discretion standard. *Id*. at 164. When reviewing the trial court's decision on a motion to reinstate, we consider the entire record. *Texas Dept. of Public Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). A trial court does not abuse its discretion when its ruling is based on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision. *Beames v. Hooks*, No. 01-14-00103-CV, 2015 WL 162226, at \*4 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

### JUSTIFICATION OR REASONABLE EXPLANATION

In his first issue, Martinez argues the trial court abused its discretion in failing to grant his motion to reinstate. Martinez points to Pope's testimony to support his argument that he provided a justification or reasonable explanation for his failure to prosecute this case with due diligence. In his motion to reinstate, Martinez argued there were "reasonable causes for the delay" in

prosecuting this case. Specifically, Martinez argued: "The delays were caused by Martinez's efforts to secure service on the un-served defendants and the other [d]efendants' cooperation [sic] that no trial should occur until this transaction of service on the absent [d]efendants transpired."

At the hearing on the motion to reinstate, Pope testified that he had been unable to locate the unserved defendants, who he believed were living in Mexico. Pope said that initially his opposing counsel agreed to provide him information about the location of the unserved defendants, but ultimately this information was not provided to him. Although Pope testified that opposing counsel had not helped him locate the unserved defendants, the record shows that in March 2013 the served defendants provided Pope with documents containing the names and addresses of the unserved heirs. Additionally, the record includes a finding by the trial court that "certain served [d]efendants provided [Martinez's] counsel with a letter listing the last known addresses of the unserved [d]efendants."

Furthermore, Pope did not represent Martinez for the entire duration of the case. At the time of dismissal, the case had been pending for more than ten years. Pope represented Martinez for about five years, from the middle or latter part of 2008 until August 2013. Significantly, Martinez presented no evidence to explain why the defendants in question were not served before 2008, or why they remained unserved after Pope withdrew from the case in August 2013. The record shows that after Pope withdrew from the case, Martinez moved for a continuance. The trial court granted this continuance, advised Martinez it was the last continuance that would be granted, and reset the case for trial for November 5, 2013. Nevertheless, on October 30, 2013, Martinez filed yet another motion for continuance, indicating that there were still unserved defendants in the case and that he anticipated filing a request for substituted service on these defendants after certain discovery was answered. The trial court ultimately dismissed the case on December 12, 2013.

After considering the entire record, we conclude that Pope's testimony did not justify or reasonably explain Martinez's failure to prosecute his case with due diligence. *See Cappetta*, 222 S.W.3d at 167. Therefore, the trial court was not required to find that Martinez's failure to prosecute his case was not intentional or the result of conscious indifference, nor was it required to reinstate his case. *See id.*; TEX. R. CIV. P. 165a(3).

Next, Martinez argues that the trial of his case could have proceeded in the absence of the unserved defendants pursuant to Rule 39(b) of the Texas Rules of Civil Procedure.[3] In his motion to reinstate, Martinez argued that he and the already-served defendants "labored under the misimpression that the trial in this case could not go forward unless the un-served [d]efendants were first cited and brought into the case."

The record shows Martinez failed to serve two of the defendants originally named in this matter. During the course of the proceedings, these two defendants died, and Martinez amended his pleadings to add the deceased defendants' heirs as parties. However, Martinez never served the heirs. Furthermore, the trial court concluded Martinez's case could not proceed in the absence of the unserved defendants. Section 17.002 of the Texas Civil Practice and Remedies Code provides that in a suit against the estate of a decedent involving title to real property, the executor or administrator, if any, and the heirs must be made parties. TEX. CIV. PRAC. & REM. CODE ANN. 17.002 (West 2015); *see Love v. Woerndell*, 737 S.W.2d 50, 51-52 (Tex. App.—San Antonio 1987, writ denied) (applying section 17.002 to a suit to remove a cloud from title). We reject Martinez's argument that his suit could have proceeded without the unserved defendants.

---

[3]Additionally, Martinez makes several other arguments that are relevant to the trial court's decision to dismiss for failure to prosecute, but not its decision to deny a motion to reinstate. We do not address these arguments because they are not relevant to our analysis under *Cappetta v. Hermes*, 222 S.W.3d 160, 165-66 (Tex. App.—San Antonio 2006, no pet.).

We conclude that the trial court did not abuse its discretion in denying the motion to reinstate.

### STANDARD APPLIED

In his second issue, Martinez argues the trial court's order denying his motion to reinstate must be reversed because the trial court applied a "good cause" standard rather than the standard articulated in Rule 165a(3) in making its determination. We disagree. First, Martinez is estopped from complaining about the trial court's reference to "good cause" in its order. Under the invited error doctrine, a party may not lead a trial court into error and then complain about it on appeal. *In re Dep't of Family and Prot. Serv.*, 273 S.W.3d 637, 646 (Tex. 2009); *Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.—Houston [1st Dist.] 1993, no writ). Here, Martinez made no mention of the correct standard—the standard articulated in Rule 165a(3)—in his motion to reinstate. Instead, Martinez's motion referred only to "good cause," stating the trial court "should grant a motion to reinstate if there is good cause to maintain the case on the docket."[4] Second, any possible error stemming from the reference to "good cause" is harmless. As discussed above, the motion to reinstate was properly denied under the Rule 165a(3) standard. *See Southwell Inv. Group, III v. Indwell Resources, Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, at *4 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (concluding the trial court did not abuse its discretion in refusing to reinstate when the result was the same under either the Rule 165a(3) standard or a standard considering whether the trial court abused its discretion in determining that the plaintiff did not prosecute his case with due diligence).

---

[4]Rule 165a(1), which governs dismissals for want of prosecution based on the failure to appear at a hearing, provides that a trial court "shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." *See* TEX. R. CIV. P. 165a(1).

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice