**REVERSE and REMAND; and Opinion Filed February 11, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00356-CV

**BROOKS-PHS HEIRS, LLC, BROOKS-PSC HEIRS, LLC; BROOKS-WTC HEIRS, LLC; ALASTAIR TRICKETT; PENELOPE TRICKETT; HEATHER ELIZABETH OLSEN; MARILYN HOLMES TULLOCH; NANCY LEE HALSTED WOODMANSEE; JUNE C. HAACK; MARILYN HALSTED; JOSEPH EDWIN HALSTED; THOMAS ARTHUR HALSTED; ROBERT BRUCE HALSTED; MARGARET H. REYNOLDS; MARY P. HALSTED; JANE DECOSKY; CAROL CANFIELD CLARKE-TERRILL, FORMERLY CAROL C. SWEARINGEN, AS TRUSTEE OF THE ROBERT G. SWEARINGEN REVOCABLE TRUST DECEMBER 19, 2001; MARCELLE BRANNEN; AND ROBERT G. MCLEOD, ALSO KNOWN AS BOB MCLEOD, Appellants**

V.

**RICHARD HOWARD BOWERMAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT BOWERMAN, DECEASED; STEVEN ROBERT BOWERMAN, INDIVIDUALLY; AND ESTHER MICHELE DAUGHERTY, INDIVIDUALLY, Appellees**

**On Appeal from the 225th District Court
Bexar County, Texas
Trial Court Cause No. 2013-CI-10924**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Schenck

Appellants challenge the trial court's dismissal of their quiet title action. In two issues, appellants contend the trial court abused its discretion in dismissing their action for want of prosecution and in denying their motion to reinstate. For the reasons that follow, we reverse the trial court's denial of appellants' motion to reinstate and remand the case for further proceedings

consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Claralyn Trickett owned an undivided 1/32 royalty interest in mineral estates in property located in Bexar and LaSalle Counties at the time of her death on December 24, 1972, at the age of 48. Both appellants and appellees claim to have inherited the royalty interests in these mineral estates. Appellants claim they inherited the interest directly as the legal heirs, or, indirectly, as the heirs, successors, or assigns of the legal heirs, of Claralyn Trickett; appellees claim they inherited the interest as the legal heirs of Robert Bowerman, who, they claim, was legally married to Claralyn Trickett at the time of her death. In 2010 and 2011, appellees filed various affidavits of heirship and deeds in the records of Bexar and La Salle Counties purporting to establish their ownership of the royalty interests.

On July 1, 2013, appellants brought a quiet title action against appellees seeking both a declaration that appellees in fact have no valid ownership interest in the mineral estates and the removal of the affidavits and deeds appellants claim clouded their title. Appellants asserted that the Tijuana marriage of Robert Bowerman to Claralyn Trickett was void because Robert Bowerman was still married to his second wife when he purportedly married Claralyn Trickett. Appellees generally denied appellants' claims, challenged appellants' capacity and standing to sue, asserted the affirmative defenses of estoppel, limitations, laches, and waiver, and brought a counterclaim for fees.

Appellees sought abatement of the case claiming appellants had not shown that they were the proper parties to bring such a suit because they had not conducted an heirship proceeding in accordance with sections 48 and 49 of the probate code to determine the identity of all of the heirs at law of Claralyn Trickett. On October 9, 2013, the trial court signed an Agreed Abatement Order

–2–

providing that "[u]pon written motion of Defendants, and with the consent of counsel for Plaintiffs, and for good cause shown, the Court orders the above-captioned suit is to be abated in part[1] for a period of nine (9) months or until the completion of a suit for determination of heirship of Claralyn Trickett, also known as Claralyn Bowerman, whichever is earlier, at which time the parties will report back to this Court."

On June 7, 2016, the trial court dismissed the case for want of prosecution. The trial court set aside that dismissal on June 13, 2016, due to improper notice. The trial court then set the case for dismissal on September 13, 2016. Appellants objected to the dismissal indicating that: On March 25, 2015, they filed an Application to Determine Heirship of Claralyn Trickett in the County Court of La Salle County; that case was later transferred to the Probate Court in Bexar County and is set for a jury trial on February 21, 2017; and a judicial ruling on the heirship issue is legally necessary before they can proceed in the quiet title case, as appellees had alleged in originally obtaining an abatement. By agreement of the parties, or action of the trial court, the case was carried on the trial court's November 15, 2016, May 23, 2017, August 22, 2017, and January 9, 2018 dismissal dockets. On January 9, 2018, the trial court dismissed the case.

On January 30, 2018, appellants filed a Verified Motion to Reinstate the case. In support of their motion appellants stated:

- They had to hire a genealogy expert and conduct extensive searches in both North America and the United Kingdom for potential heirs of Claralyn Trickett;

- Following the completion of the expert's genealogy report, appellants Marcelle Swearingen and Nancy Lee Woodmansee, on behalf of the legal heirs of Claralyn Trickett, filed an application to determine heirship in the county court of LaSalle County;

- The La Salle County case was transferred to the Bexar County probate court;

---

[1] The trial court ordered that, by agreement of the parties, discovery would proceed while the case is abated.

- Appellant Marcelle Swearingen filed in the heirship proceeding a petition to recover money belonging to the estate/rightful heirs, seeking to recover oil and gas proceeds the appellants claim were incorrectly paid to the Bowermans;

- The quiet title action, the application to determine heirship, and the petition to recover money, are interrelated because each turn on whether Robert Bowerman was legally married to Claralyn Trickett, and that issue would be resolved by a jury in the application to determine heirship proceeding;

- Appellants requested that the probate court transfer the quiet title case and consolidate the cases, appellees opposed their requests, and the probate court denied their requests;

- The parties had nominally reached a settlement in May 2017, which settlement took a significant amount of time to consummate because appellees insisted on appellants proving their relationship to Claralyn Trickett, and, thereafter, in November 2017, appellees withdrew from the settlement; and

- The probate court then set the application for determination of heirship for trial on May 21, 2018.[2]

The trial court heard appellants' motion to reinstate on February 13, 2018. When the trial court inquired whether there were any new developments since the dismissal, appellants indicated that the only new development was that the probate court had set the heirship determination proceeding for trial on May 21, 2018. The judge indicated she was not going to reconsider or undo something that another one of her fellow district court judges had already determined,[3] and denied the motion. This appeal followed.[4]

---

[2] After the trial in the heirship proceeding, appellants attempted to include in the record before this Court the jury's verdict in that proceeding finding Robert Bowerman was not legally married to Claralyn Trickett. The jury's verdict in the heirship proceeding does not impact our disposition of this appeal. Consequently, we need not determine whether it is properly before this Court.

[3] Judge Arteaga heard the motion to reinstate. She also signed the order of dismissal on January 9, 2018. Given her statements during the hearing on the motion to reinstate, it is not clear whether she actually presided over the dismissal of the case on January 9, 2018, or if she merely signed the order after a decision was made.

[4] The Texas Supreme Court transferred this case from the Fourth District Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001. In this procedural posture, we are bound to apply the precedent of that court. TEX. R. APP. P. 41.3.

DISCUSSION

A party seeking appellate review of a dismissal for want of prosecution may frame its argument variously as: the trial court erred in dismissing the case; the trial court erred in refusing to reinstate the case; or both. *Kirkpatrick v. Silva*, No. 05-17-00146-CV, 2018 WL 521628, at *3 n.1 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.) (citing *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 838 (Tex. App.–Fort Worth 1999, no pet.)). Each challenge, if sustained, is sufficient to obtain reinstatement of the case. *Id.*

Here, appellants challenge both the dismissal and the denial of reinstatement. We address appellants' second issue challenging the denial of their motion to reinstate because it is dispositive of this appeal and pretermit the remaining arguments.

We review the denial of a motion to reinstate following a dismissal for want of prosecution under an abuse of discretion standard. *Regent Care Ctr. at Med. Ctr. v. Hollis*, No. 04-16-00131-CV, 2017 WL 1337652, at *2 (Tex. App.—San Antonio Apr. 12, 2017, no pet.) (mem. op.). In reviewing whether there was an abuse of discretion, the key question is whether the trial court acted without reference to any guiding rules and principles, or in an arbitrary or unreasonable manner. *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.).

When a case is dismissed for want of prosecution, the trial court *shall* reinstate the case upon finding that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX. R. CIV. P. 165a(3); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Cappetta,* 222 S.W.3d at 167. This standard is essentially the same as the standard for setting aside a default judgment. *Smith*, 913 S.W.2d at 468 (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (1939)). A failure to diligently prosecute is not intentional or due to conscious indifference merely because it is deliberate; it must also be

without adequate justification. *Id.*; *Cappetta*, 222 S.W.3d at 167. Proof of such justification, whether it be by accident, mistake, or other reasonable explanation, negates the intent or conscious indifference for which reinstatement can be denied. *Smith*, 913 S.W.2d at 468; *Cappetta*, 222 S.W.3d at 167.

The record before us indicates that, in denying appellants' motion to reinstate, the trial court did not consider whether appellants' failure to move forward in the quiet title action was intentional or the result of conscious indifference or was not justified. TEX. R. CIV. P. 165a(3). In other words, the trial court did not adhere to rule 165a(3)'s mandate and did not apply the applicable *Craddock* factors to this case. Rather, the trial court merely indicated some new material factual development since the dismissal was necessary to warrant reinstatement in view of the earlier dismissal having been signed by another judge. But this is not the standard for reinstatement. Accordingly, we will review the record to determine whether appellants met their burden of proof under rule 165a(3) and *Smith*, applying a standard similar to *Craddock* in cases involving motions to reinstate after courts dismiss cases for want of prosecution. *See Martinez v. Benavides*, No. 04-15-00465-CV, 2016 WL 3085913, at *2 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op.).

Appellants' attorney reasonably explained that, at one time, the trial court had abated the case recognizing that its jurisdiction to hear the case depended on appellants' standing to bring their claims and that a determination of heirship was a prerequisite to proceeding in this case. He further indicated that appellants had attempted to transfer and consolidate this case with the heirship determination proceeding and that appellees had opposed those efforts, despite having urged abatement on that account. Moreover, appellants noted that they had complied with the deadlines set forth in the probate court's docket control order in the heirship determination case, that the parties had attempted to settle their dispute and that when settlement discussions broke

down, appellants promptly requested that the probate court enter a new docket control order, resulting in a trial setting on May 21, 2018, a mere 4 months after dismissal of this case. Appellants' counsel indicated that once the heirship determination proceeding went to trial, appellants would be in a position to quickly proceed to trial in this case.

We conclude the above facts constitute a reasonable explanation of appellants' failure to move forward with the quiet title action. The actions were not "intentional" or a result of "conscious indifference." Logically, heirship had to be decided before the district court could determine whether appellants had standing to bring the quiet title action and whether appellees had improperly clouded the title to the mineral interests at issue. Moreover, Texas courts have a strong policy supporting resolution of cases on their merits, and in promoting the predictability of property ownership and reliability of land titles, both of which strongly support the reinstatement of appellants' claims. *See Cosgrove v. Cade*, 468 S.W.3d 32, 34 (Tex. 2015); *Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012).

We conclude the trial court abused its discretion in failing to reinstate appellants' case because it did not consider or apply the *Craddock* factors and had it done so it should have concluded that appellants' failure to proceed with their quiet title action without first having the heirship determined was not intentional or due to conscious indifference, but was justified under the unique facts of this case. Accordingly, we sustain appellants' second issue. Having concluded the trial court abused its discretion in refusing to reinstate the case, we pretermit consideration of appellants' first issue challenging the dismissal for want of prosecution. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order denying appellants' motion to reinstate, reinstate appellants' lawsuit, and remand the case to the trial court for further proceedings.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


180356F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BROOKS-PHS HEIRS, LLC, BROOKS-PSC HEIRS, LLC; BROOKS-WTC HEIRS, LLC; ALASTAIR TRICKETT; PENELOPE TRICKETT; HEATHER ELIZABETH OLSEN; MARILYN HOLMES TULLOCH; NANCY LEE HALSTED WOODMANSEE; JUNE C. HAACK; MARILYN HALSTED; JOSEPH EDWIN HALSTED; THOMAS ARTHUR HALSTED; ROBERT BRUCE HALSTED; MARGARET H. REYNOLDS; MARY P. HALSTED; JANE DECOSKY; CAROL CANFIELD CLARKE-TERRILL, FORMERLY CAROL C. SWEARINGEN, AS TRUSTEE OF THE ROBERT G. SWEARINGEN REVOCABLE TRUST DECEMBER 19, 2001; MARCELLE BRANNEN; AND ROBERT G. MCLEOD, ALSO KNOWN AS BOB MCLEOD, Appellants

No. 05-18-00356-CV     V.

RICHARD HOWARD BOWERMAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT BOWERMAN, DECEASED; STEVEN ROBERT BOWERMAN, INDIVIDUALLY; AND

On Appeal from the 225th District Court, Bexar County, Texas
Trial Court Cause No. 2013CI10924.
Opinion delivered by Justice Schenck.
Justices Reichek and Nowell participating.

–9–

ESTHER MICHELE DAUGHERTY,
INDIVIDUALLY Appellees

      In accordance with this Court's opinion of this date, the trial court order denying appellants' motion to reinstate is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

      It is **ORDERED** that appellants BROOKS-PHS HEIRS, LLC ET AL. recover their costs of this appeal from appellees RICHARD HOWARD BOWERMAN ET AL.

Judgment entered this 11th day of February, 2019.